JOURNAL ENTRY AND OPINION
{¶ 1} Anthony Bocchicchio appeals from a judgment of conviction entered by Rocky River Municipal Judge Donna C. Fitzsimmons after a jury found him guilty of child endangering.[1] He claims the evidence was insufficient or of inadequate weight to show that he acted recklessly in deciding to take his minor son canoeing in the Rocky River, which adventure resulted in a capsize that subjected them to immersion in freezing water for a period of time. We dismiss the appeal as moot.
 {¶ 2} On March 16, 2003, Bocchicchio and his son, age fourteen years, both wearing life vests, were canoeing on the swollen Rocky River for the first time. After passing over a submerged river ford, their craft was sucked backwards, filled with water and capsized, throwing them into the water. They struggled in the cold strong current and eventually reached a small island where they waited, along with three would-be rescuers, until the arrival of emergency crews from the Rocky River and Lakewood Fire Departments, who retrieved them one-by-one.
 {¶ 3} Because the boy exhibited symptoms of hypothermia, a Cleveland Metroparks ranger cited Bocchicchio for endangering his child, and a jury found him guilty. The judge imposed a $1,000 fine, ten days in jail, three months probation, and restitution of $150 each to the Rocky River and Lakewood Fire Departments. She suspended the jail time and probation contingent on the payment of restitution, and stated that, if Bocchicchio paid $100 of the fine the day judgment was rendered, the remaining $900 would be suspended. Bocchicchio asserts two assignments of error, which are included in an appendix to this opinion.
 {¶ 4} Before addressing the assignments of error, we note that the docket indicates that Bocchicchio paid the fine and costs imposed by the judge, and his probation has been terminated. When a defendant has voluntarily satisfied a misdemeanor sentence, an appeal from that sentence is moot unless the defendant can show that the conviction imposes collateral consequences.[2] Bocchicchio has made no such claim. Furthermore, even though the judge stated that $900 of the $1,000 fine would be suspended if paid on the day of judgment, Bocchicchio has not argued that this aspect of the sentence rendered his payment of the fine involuntary.
 {¶ 5} Although the docket does not show that restitution was made, the municipal court's records reflect the termination of probation, and the judge informed Bocchicchio at sentencing that restitution would be handled through the probation department. Therefore, the termination of probation indicates that he also satisfied his restitution requirements, or that they were waived. Therefore, we find that Bocchicchio has voluntarily satisfied his sentence in its entirety.
 {¶ 6} The appeal is dismissed.
Appeal dismissed.
Sweeney and Karpinski, JJ., concur.
 APPENDIX — ASSIGNMENTS OF ERROR "I. THE STATE'S EVIDENCE WAS INSUFFICIENT TO SUSTAIN THEJURY'S FINDING OF GUILT."
 "II. THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THEEVIDENCE."
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Rocky River Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1]R.C. 2919.22(A).
[2] Cleveland v. Martin, Cuyahoga App. No. 79896, 2002-Ohio-1652, citing State v. Golston, 71 Ohio St.3d 224,226, 1994-Ohio-109, 643 N.E.2d 109.