JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Jonathan E. Frailey appeals from his conviction after a trial to the bench of the misdemeanor offense of operating his vehicle at an excessive speed.
 {¶ 2} Appellant asserts the record reflects the trial court denied him his statutory right to a speedy trial, thus rendering his conviction improper.
 {¶ 3} The record demonstrates appellant is correct. Consequently, his conviction is reversed and vacated. The trial court is ordered to refund to appellant his payment of the fines and costs imposed upon him, and to correct this record with the Bureau of Motor Vehicles.
 {¶ 4} On September 18, 2004 appellant received a citation from Oakwood police officer "Grant" for speeding on I-271 in violation of village ordinance section 333.03. The citation notified appellant to appear in Oakwood Mayor's Court on October 13.
 {¶ 5} Appellant obeyed; at that time, he entered a plea of not guilty to the charge. He expressly requested his "trial be held within the time provided by law * * *." Appellant's case duly was transferred to the Bedford Municipal Court, which, two days later on October 15, issued a written notice to appellant that his case was scheduled for trial on November 9, 2004.
 {¶ 6} The trial court's docket thereafter contains a notation bearing the judge's initials that states that on November 8, 2004 appellant's trial was "continued to 01/11/2005 * * * OFFICER OUT ILL." Nevertheless, on the following day, appellant appeared for trial, indicating that he had not received any notice that trial had been continued. The judge thereupon informed him orally that Officer Grant recently underwent surgery and thus was "medically unavailable." Appellant objected to the continuance and again asserted his right to a speedy trial. The trial court overruled appellant's objection.
 {¶ 7} The court issued notice to appellant that trial was scheduled for January 11, 2005. At the commencement of the proceeding, appellant requested dismissal of the charge based upon R.C. 2945.73(B), arguing his right to a speedy trial was violated. The trial court denied appellant's motion. After hearing Officer Grant's testimony, the court found appellant guilty and ordered him to pay a fine of $100 plus court costs; the court filed its journal entry to that effect on January 12, 2005.
 {¶ 8} Appellant timely appeals from his conviction. He presents the following two assignments of error:
 {¶ 9} "I. The trial court erred and abused its discretion when it granted the prosecution's non-written motion for a continuance, contrary to Ohio Traffic Rule 18.
 {¶ 10} "II. The trial court committed prejudicial error by bringing appellant to trial 58 days beyond the statutory requirements of R.C. 2945.71
and denying appellant's motion to discharge."
 {¶ 11} As a preliminary matter, this court is compelled to address the village's assertion that this appeal should be dismissed as moot pursuant to State v. Wilson (1975), 41 Ohio St.2d 236.
 {¶ 12} In Wilson, the Ohio Supreme Court held that in a misdemeanor case in which a defendant "has voluntarily paid the fine * * * an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such * * * conviction." (Emphasis added.)
 {¶ 13} This court declines to follow the village's assertion since appellant has submitted an affidavit in which he avers he had neither the option nor the opportunity to avoid paying the fine. Appellant has offered evidence from which this court can infer his payment of the imposed fine was involuntary; therefore, his appeal will not be dismissed as moot. Cf., Metroparks v. Bocchicchio, Cuyahoga App. No. 83438, 2004-Ohio-2568.
 {¶ 14} Appellant argues in his assignments of error that the trial court improperly denied his motion to dismiss the charge against him for noncompliance with his statutory speedy trial rights. On the record before this court, appellant's argument is persuasive.
 {¶ 15} In Ohio, the right to a speedy trial for a person charged with a minor misdemeanor is codified in R.C. 2945.71(B)(1), which requires that the defendant must be brought to trial within forty-five days of service of summons. Appellant's case came to the Bedford Municipal Court on October 15, 2004; a journal entry which had scheduled November 9, 2004 as the date of trial, as indicated by the original notice sent to appellant, would have been within the statutory time limit. See Brooklynv. Blake (Oct. 8, 1998), Cuyahoga App. No. 73354.
 {¶ 16} Circumstances that justify extensions of the foregoing statutory time period are contained in R.C. 2945.72. Extensions of time, however, strictly are construed in favor of the accused. Cleveland v.Jones (1996), 110 Ohio App.3d 791, 794. Therefore, a continuance will not extend the time of trial unless the judge does all of the following: 1) record the continuance through a journal entry prior to the expiration of the speedy trial requirements; 2) identify the party to be charged with the continuance; and, 3) briefly indicate the reason for it. Parmav. King, (Apr. 20, 2000), Cuyahoga App. Nos. 75185-88.
 {¶ 17} Moreover, Traf.R. 18, which applies to offenses such as the one with which appellant was charged, states that "continuances shall be granted only upon a written motion which states the grounds for the requested continuance."
 {¶ 18} R.C. 2945.73(B) provides the remedy for a failure to comply with statutory speedy trial requirements, i.e., "upon motion made at or prior to the commencement of trial, a person charged with an offense shallbe discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 * * *." (Emphasis added.)
 {¶ 19} According to the record in this case, the trial court neither validly set a date for trial within the forty-five day limit, nor complied with the first requirement for a valid continuance, since it issued no journal entries with regard to these matters. A court speaks only through its journal entries. State v. Mincy (1983) 2 Ohio St.3d 6, citing Schenley v. Kauth (1953), 160 Ohio St. 109. Mere notations on its docket do not suffice. Id; see also, State v. Lee (1976),48 Ohio St.2d 208, 209; cf., State v. Myers, 97 Ohio St.3d 335,2002-Ohio-6658.
 {¶ 20} Despite the foregoing rules of law, the trial court in this case used only docket notes as its method to set dates for both trial and a continuance; in fact, the only journal entry the court issued was its January 12, 2005 finding of guilt and sentence.
 {¶ 21} This court is "required to strictly enforce the legislative mandate evident in [the speedy trial] statute * * *." Brooklyn v. Blake,
supra. Because the record demonstrates appellant was not brought to trial within forty-five days of the transfer of his case to the municipal court, the court erred in denying his motion for dismissal of the charge. Cleveland v. Jones, supra; Brooklyn v. Blake, supra.
 {¶ 22} Moreover, when appellant appeared for trial as scheduled on the court's docket, the trial court informed him that the village's most important witness was unavailable. The village, however, had not filed a motion with the court for a continuance pursuant to Traf.R. 18. This court also previously has held that compliance with Traf.R. 18 is mandatory for each party. Orange v. Jacobucci, Cuyahoga App. No. 82813, 2003-Ohio-6617.
 {¶ 23} For the foregoing reasons, appellant's assignments of error are sustained.
 {¶ 24} Appellant's conviction is reversed and vacated; the trial court is ordered to return appellant's payment of the fine imposed for the conviction.
This cause is reversed and appellant's conviction is vacated.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to the Bedford Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J. concur
 Corrigan, J. Dissents (See attached Dissenting Opinion)
 DISSENTING OPINION