JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs, and the oral arguments of counsel.
 {¶ 2} Defendant-appellant Daniel J. Jacobucci ("appellant") appeals the decision of the Bedford Municipal Court finding him guilty of the offense of failure to control a motor vehicle resulting in a crash. For the reasons stated below, we reverse the trial court's judgment, vacate appellant's conviction, and discharge him.
 I {¶ 3} We review appellant's second assignment of error first. In his second assignment of error, appellant argues that the "trial court violated Traffic Rule 18 in granting the prosecution an oral continuance on the day of trial." We agree.
 {¶ 4} Traffic Rule 18 states that "continuances shall be granted only upon a written motion which states the grounds for the requested continuance." The transcript reveals that the state made its motion on the day of trial orally, stating: "I would request that this matter be continued." There is no indication from the record that the state filed the requisite written motion.[1]
 {¶ 5} We have previously found that it was within a court's discretion to deny motions for continuance based upon the defendant's failure to comply with Traf.R. 18. Cleveland v. Black
(1985), Cuyahoga App. No. 48351. Compliance with Traffic Rule 18 is a burden shared equally between the defendant and the state.
 {¶ 6} The language of Traffic Rule 18 is clear. The state failed to set forth, in writing, its reasons for the requested continuance. The court abused its discretion by granting the state's oral motion for continuance on the day of trial.[2]
 {¶ 7} Appellant's second assignment of error is affirmed.
 II {¶ 8} Because appellant's second assignment of error has been sustained, we need not address his first assignment of error. App.R. 12(A)(1)(c).
The judgment is reversed, the conviction is vacated, and the defendant ordered discharged.
Patricia A. Blackmon, P.J. and Sean C. Gallagher, J. Concur.
[1] The state failed to file an appellate brief.
[2] For discussion of the abuse of discretion standard, see, generally, Nakoff v. Fairview Gen. Hosp. (1996),75 Ohio St.3d 254.