DECISION AND JUDGMENT ENTRY
{¶ 1} Calvin F. Osborne appeals his conviction in the Jackson County Municipal Court for speeding. Osborne contends that the trial court erred in twice granting the state's oral requests for continuances. Because Traffic Rule 18 provides that the trial court shall grant a continuance in a traffic case only upon a written motion, we agree. Osborne's remaining assignments of error are moot, and we decline to address them. Accordingly, we sustain Osborne's assignment of error relating to the continuances granted upon the state's oral motions and reverse the judgment of the trial court.
 {¶ 2} On October 17, 2004, Ohio State Highway Patrol Trooper James H. Croston, Jr. stopped a vehicle operated by Calvin Osborne. Tpr. Croston had paced Osborne's vehicle and determined that he was traveling at a speed of seventy-three miles per hour through a construction zone. The posted speed limit in the construction zone was forty-five miles per hour.
 {¶ 3} Osborne entered a not guilty plea. The court scheduled a bench trial for November 9, 2004. On November 1, 2004, Osborne's defense counsel entered an appearance and requested a continuance to allow sufficient time to prepare a defense. On November 2, 2004, the trial court denied Osborne's request for a continuance.
 {¶ 4} On November 9, 2004, Osborne and his counsel appeared at court for trial. However, the state's sole witness, Tpr. Croston, did not appear. The state orally requested a continuance, stating that it just discovered that Tpr. Croston was on sick leave. Osborne objected to the continuance. The trial court granted the state's request for a continuance, and rescheduled the trial for November 16, 2004.
 {¶ 5} On November 12, 2004, the state filed a written motion for a continuance because Tpr. Croston was expected to remain on sick leave until November 18, 2004. The trial court granted the continuance and rescheduled the trial for November 22, 2004.
 {¶ 6} On November 22, 2004, Osborne again appeared for trial with counsel. Tpr. Croston also failed to appear at this proceeding, and the state again orally requested a continuance. Osborne objected and moved to dismiss. The trial court granted the continuance.
 {¶ 7} On November 24, 2004, Osborne filed a motion with the Jackson County Common Pleas Court seeking to have the trial court judge disqualified based upon an exchange between the judge and defense counsel on November 22, 2004 regarding the state's continuance. The Common Pleas Court denied the motion on January 7, 2005. The trial court scheduled Osborne's trial for January 25, 2005.
 {¶ 8} On January 25, 2005, Tpr. Croston appeared for trial and testified that he observed Osborne operating his vehicle at seventy-three miles per hour through a construction zone where the posted speed limit was forty-five miles per hour. The trial court found Osborne guilty, and fined him $100.00 plus costs.
 {¶ 9} Osborne appeals, asserting the following assignments of error:
 {¶ 10} "I. THE TRIAL COURT ERRED WHEN IF FOUND THE DEFENDANT GUILTY OF THE CHARGE ALLEGED AGAINST HIM, WHEN THE PROSECUTION ADMITTED TO A FACT WHICH CONTRADICTED THE TRAFFIC TICKET."
 {¶ 11} II. "THE TRIAL COURT ERRED WHEN ON TWO OCCASIONS IT CONTINUED THE TRIAL DATE OF THIS CASE CONTRARY TO THE REQUIREMENTS OF OHIO TRAFFIC RULE 18 AND R.C. 2945.02."
 {¶ 12} III. "BY HER ACTIONS, THE TRIAL JUDGE DEMONSTRATED BIAS AGAINST THE DEFENDANT OR THE DEFENSE COUNSEL, SO THAT A REVIEWING COURT CANNOT DETERMINE WHETHER THE RULINGS OF THE COURT BELOW WERE BASED UPON JUDGMENT OR BIAS."
 {¶ 13} We first address Osborne's second assignment of error. Osborne contends that the trial court erred when it granted the state's oral requests for continuances after the state's witness failed to appear. Osborne argues that the state needed to submit a written motion in order to obtain a continuance. Osborne further acknowledges that the state was surprised by Tpr. Croston's absence, but contends that the onus was on the state to learn of his chronic health problem prior to the scheduled trial dates. Finally, Osborne contends that the outcome of the proceedings would have been different had the trial court denied the continuances, because Tpr. Croston was the state's only witness.
 {¶ 14} Generally, the decision whether to grant or deny a continuance is left to the sound discretion of the trial court.State v. Unger (1981), 67 Ohio St.2d 65, syllabus; State v.Holmes (1987), 36 Ohio App.3d 44, 47. However, the trial court must exercise its discretion in line with rules of procedure.Rigby v. Lake Cty. (1991), 58 Ohio St.3d 269. Appellate courts may not disturb a trial court's decision to deny a continuance absent an abuse of discretion. Unger at 67. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 15} Pursuant to R.C. 2945.02, the trial court may only grant a continuance "upon affirmative proof in open court, upon reasonable notice, that the ends of justice require a continuance." The Traffic Rules prescribe the procedure to be followed in all Ohio courts in all traffic cases. Traf.R. 1(A). Traf.R. 18 provides, "[c]ontinuances shall be granted only upon a written motion which states the grounds for the requested continuance." Thus, in a traffic case, Traf.R. 18 unambiguously requires that the trial court grant a continuance only when the request for the continuance is made via a written motion. Id.;State v. Jacobucci, Cuyahoga App. No. 82813, 2003-Ohio-6177, at ¶ 6.
 {¶ 16} The state contends that Traf.R. 18 conflicts with R.C.2945.02, in that R.C. 2945.02 does not require a written motion. Thus, the state asserts we must disregard the portion of Traf.R. 18 that requires the motion for a continuance be in writing.
 {¶ 17} The Traffic Rules are statutory in origin, as the Supreme Court promulgated them pursuant to the authority granted by R.C. 2935.17 and R.C. 2927.26. Traf.R. 1(B); Toledo v. Fogel
(1985), 20 Ohio App.3d 146, 148. All of the rules promulgated pursuant to R.C. 2937.46 "shall be binding on all courts inferior to the court of common pleas." R.C. 2937.46(B). However, because the rules are derived from statutory authority, they do no supersede statutes with which they conflict. Fogel at 148; see, also, Kroger Co. v. Stover (1987), 31 Ohio St.3d 229, 235;Kelly v. Accountancy Bd. of Ohio (1993), 88 Ohio App.3d 453,458 (holding that an administrative rule created pursuant to statutory authority is valid and enforceable unless it conflicts with an existing statute).
 {¶ 18} A court interpreting a statute must look to the language of the statute to determine legislative intent. Shoverv. Cordis Corp. (1991), 61 Ohio St.3d 213. Courts should give effect to the words of the statute and should not modify an unambiguous statute by deleting or inserting words. Id. "Where statutes or rules upon the same subject matter are to be construed, the doctrine of in pari materia favors consistent, as opposed to inconsistent, construction." Austin v. Miami ValleyHosp. (1984), 19 Ohio App.3d 231, 232; see, also, Internatl.Bhd. of Electrical Workers, Local Union No. 8 v. VaughnIndustries, Inc., 156 Ohio App.3d 644, 655, 2004-Ohio-1655 at ¶57-58 (reading regulations promulgated pursuant to statute and other statutes in pari materia). Finally, when a potential conflict exists between a rule derived from statutory authority and a statute, the rule "is not inconsistent with [the] statute unless the rule contravenes or is in derogation of some express provision of the statute." Kelly at 458, citing McAninch v.Crumbley (1981), 65 Ohio St.2d 31, 34. See, also, NavistarInter. Trans. Corp. v. Indus. Comm. of Ohio, Franklin App. No. 04AP-638, 2005-Ohio-3284, at ¶ 13.
 {¶ 19} Here, we find that no conflict exists between R.C.2945.02 and Traf.R. 18. First, we must read R.C. 2945.02 in pari materia with R.C. 2937.46. R.C. 2937.06 provides the Ohio Supreme Court with the authority to issue rules "in the interest of uniformity of procedure in the various courts and for the purpose of promoting prompt and efficient disposition of cases arising under the traffic laws of this state and related ordinances." R.C. 2937.46(A). Traf.R. 18's requirement that all motions for continuances be made in writing clearly furthers the legislature's stated intent in R.C. 2937.06.
 {¶ 20} R.C. 2945.02 does not expressly provide that the motion for a continuance may be oral or written. Thus, Traf.R. 18's requirement that a continuance "shall be granted only upon written motion" does not contravene or derogate the express provisions of R.C. 2945.02. While the "written motion" requirement of Traf.R. 18 clearly imposes an additional burden on the parties, it does not interfere with R.C. 2945.02's express provisions requiring "affirmative proof in open court, upon reasonable notice, that the ends of justice require a continuance." Nor does Traf.R. 18 prevent the trial court from exercising its discretion to determine, upon a proper motion, whether the ends of justice require a continuance.
 {¶ 21} Much like the Eighth District held in Jacobucci, we hold that a trial court may not grant an oral motion for a continuance in a traffic case. See Jacobucci, 2003-Ohio-6177, at ¶ 6. We find that the trial court acted outside the scope of its discretionary authority when it granted the state's oral motions for continuances on the days scheduled for trial in this traffic case. Therefore, we sustain Osborne's second assignment of error.
 {¶ 22} Based upon our resolution of Osborne's second assignment of error, his remaining assignments of error are moot. Thus, we decline to address them. See App.R. 12(A)(1)(c).
 {¶ 23} We would, however, like to take this opportunity to remind those involved in this case of the importance of showing respect, civility, and courtesy throughout the course of any hearings below. As licensed professionals, we need to "strive to meet lofty goals and ideals in order to achieve the highest standards of a learned profession." Appendix to Gov. Bar R. XV, Statement on Professionalism, February 3, 1997. Anything short of full attention to these important ideals erodes the reputation of our system and fosters discord among the bench and bar. As attorneys, each of us should endeavor to treat the system and those involved in it with the utmost respect, in order to foster confidence in its workings and the trust of all citizens.
 {¶ 24} Based on the foregoing, and in the interests of justice, we reverse the trial court's conviction and remand this case to the trial court with instruction to dismiss the case with prejudice. Further, the trial court must modify their records accordingly.
JUDGMENT REVERSED AND REMANDED WITH INSTRUCTIONS.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED to trial court with instructions to dismiss the case with prejudice and the Appellant recover of the Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Judgment Only.