[Cite as *Hanson Aggregates Davon v. J & H Reinforcing & Structural Erectors, Inc.*, 2014-Ohio-4832.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| HANSON AGGREGATES DAVON, LLC, | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No. 14CA3608 |
| | : | |
| vs. | : | |
| | : | <u>DECISION AND JUDGMENT</u> |
| J & H REINFORCING AND STRUCTURAL ERECTORS, INC., et al., | : | <u>ENTRY</u> |
| | : | |
| Defendants-Appellees. | : | **Released: 10/29/14** |

_____

<u>APPEARANCES:</u>

Dave Lackey, Scherner & Sybert LLC, Powell, Ohio, for Appellant.

Donald W. Gregory and Timothy A. Kelley, Kegler Brown Hill & Ritter LPA, Columbus, Ohio, for Appellees.

_____

McFarland, J.

{¶1} Appellant, Hanson Aggregates Davon, LLC, appeals the trial court's summary judgment decision granted in favor of Appellees, J&H Reinforcing and Structural Erectors, Inc. and Ohio Farmers Insurance Company. On appeal, Appellant raises one assignment of error, contending that the trial court erred when it concluded that reasonable minds could come to one conclusion, and that conclusion was that Appellant failed to

properly serve its notice of furnishing upon Appellant, J&H Reinforcing and Structural Erectors, Inc.

{¶2} Because we conclude that Appellant was required to demonstrate that Appellee, J&H Reinforcing and Structural Erectors, Inc. (J&H), actually received the notice of furnishing that was sent via certified mail, but was unable to provide a written evidence of receipt, and because the evidence properly considered by the trial court indicated J&H did not actually receive the notice of furnishing, we find no genuine issue of material fact exists which precluded summary judgment. As such, Appellant's sole assignment of error is overruled. Accordingly, the trial court's grant of summary judgment in favor of Appellees is affirmed.

## FACTS

{¶3} This appeal involves the grant of summary judgment in favor of Appellees, J&H Reinforcing and Structural Erectors, Inc. and Ohio Farmers Insurance Company, regarding a bond claim made for payment of materials furnished in the construction of a public improvement project, namely the construction of Clay Pre K-12 public school. Appellant, Hanson Aggregates Davon, LLC, filed suit against Appellees, claiming payment had not been made for material provided to J&H during the construction of the school.

J&H was the principal contractor and Ohio Farmers issued the bond to guarantee payment to the subcontractors and other materialmen.

{¶4} During the project, J&H arranged for subcontractor, Kenny Huston, to perform masonry work. Huston in turn arranged for Appellant, also a subcontractor, to supply masonry materials. Appellant arranged for the masonry block to be manufactured by Oberfields, Inc. The record reflects that Oberfields manufactured the materials and then held the materials at their yard and Huston would call periodically to arrange to pick up quantities as needed for the project.

{¶5} At some point, it became apparent that far more block was ordered than was needed for the project. The record indicates that it was discovered that there was a significant miscalculation in the masonry block ordered for the project and that, as a result, nearly twice the amount of block needed was manufactured by Oberfields. It also appears from the record that Huston calculated and ordered the block and that Hanson has paid Oberfields for the block. After Hanson met with Huston to discuss the problem of the excess block that remained at Oberfields and to determine a payment plan whereby Huston would pay Hanson approximately $150,000 for the block, Huston abandoned the project and subsequently went into receivership.

{¶6} On February 10, 2012, Appellant filed a complaint against Appellees to recover against the bond that was issued for the public construction project, claiming there was $184,390.22 due for materials ordered by Huston. Appellees denied liability under the bond. After the parties completed discovery and conducted depositions, and after an initial motion for summary judgment filed by Appellant was denied by the trial court, Appellees filed a motion for summary judgment on January 10, 2014. Appellant opposed the motion and also filed a cross motion for partial summary judgment. On February 19, 2014, the trial court issued an entry granting summary judgment in favor of Appellees based upon its determination that Appellant was unable to show that Appellees actually received a notice of furnishing of the materials at issue, proper service of which is a prerequisite to asserting a statutory lien for materials. It is from this decision that Appellant now brings its timely appeal, setting forth a single assignment of error for our review.

ASSIGNMENT OF ERROR

"I.    THE TRIAL COURT ERRED IN ITS ENTRY WHEN IT CONCLUDED THAT REASONABLE MINDS COULD COME TO ONE CONCLUSION, AND THAT CONCLUSION WAS THAT HANSON AGGREGATES DAVON, LLC FAILED TO PROPERLY SERVE ITS NOTICE OF FURNISHING UPON J & H REINFORCING AND STRUCTURAL ERECTORS, INC."

LEGAL ANALYSIS

{¶7} In its sole assignment of error, Appellant essentially contends that the trial court erred in granting summary judgment in favor of Appellees. More specifically, Appellant contends that the trial court erred in concluding that no genuine issue of material fact existed with respect to the question of whether or not Appellant properly served a notice of furnishing upon Appellees in accordance with R.C. 1311.261 and 1311.19. Appellant raises two issues under his sole assignment of error. First, Appellant questions whether service of the notice of furnishing was complete when it was mailed by certified mail, pursuant to R.C. 1311.19, such that actual evidence of receipt by J&H was unnecessary. Secondly, Appellant questions whether genuine issues of material fact exist with respect to the service of the notice of furnishing which should have precluded summary judgment.

{¶8} When reviewing a trial court's decision on a motion for summary judgment, we conduct a de novo review governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Summary judgment is appropriate when the movant has established (1) that there is no genuine issue of material fact, (2) that reasonable minds can come to but one conclusion, and that conclusion is

adverse to the nonmoving party, with the evidence against that party being construed most strongly in its favor, and (3) that the moving party is entitled to judgment as a matter of law. *Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881 (1988); citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); See also, Civ.R. 56(C).

{¶9} The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); See also *Hansen v. Wal–Mart Stores, Inc.*, 4th. Dist Ross No. 07CA2990, 2008-Ohio-2477, ¶ 8. Once the movant supports the motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).

"If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Id.

{¶10} Appellant claims that it was not required to prove that J&H actually received its notice of furnishing since it sent the notice by certified mail. Appellant further argues that because it followed the "statutorily-preferred" method of service of its notice of furnishing by sending it certified mail, return receipt requested, and because it was not returned as undelivered, unclaimed or refused, that service was complete upon mailing an no inquiry into whether J&H actually received it is necessary. For the following reasons, we disagree with Appellant's argument.

{¶11} R.C. 153.56 provides, in pertinent part, as follows:

"(A) Any person to whom any money is due for labor or work performed or materials furnished in a public improvement as provided in section 153.54 of the Revised Code, at any time after performing the labor or work or furnishing the materials, but not later than ninety days after the completion of the contract by the principal contractor and the acceptance of the public improvement * * * shall furnish the sureties on the bond, a statement of the amount due to the person.

(B) A suit shall not be brought against sureties on the bond until after sixty days after the furnishing of the statement described in Division (A) of this section. * * *

(C) To exercise rights under this section, a subcontractor or materials supplier supplying labor or materials that cost more than thirty thousand dollars, who is not in direct privity of contract with the principal contractor for the public improvement, *shall serve a notice of furnishing* upon the principal contractor in the form provided in section 1311.261 of the Revised Code." (Emphasis added.)

R.C. 1311.261 addresses requirements and the form to be used for the notice of furnishing when the materials have been provided for public improvement projects. R.C. 1311.05 provides similar information regarding mechanics liens for private construction projects.

{¶12} R.C. 1311.19 details the service requirements applicable to notices of furnishing as well as other documents required to be served under Chapter 13 of the Revised Code and provides, in pertinent part, as follows:

"(A) Except as otherwise provided in section 1311.11 of the Revised Code and division (C) of this section, any notice,

affidavit, or other document required to be served under this

chapter *shall be served* by one of the following means:

* * *

(2) Certified or registered mail, overnight delivery service, hand

delivery, or any other method *which includes a written evidence*

*of receipt*[.]"  (Emphasis added).

R.C. 1311.19 further provides in section (B) as follows:

"(B) For purposes of this chapter, service is complete upon

receipt by the party being served except as provided in division

(H) of section 1701.07 of the Revised Code and except, for the

purposes of sections 1311.05 and 1311.261 of the Revised

Code, *if service of a notice of furnishing is made by certified*

*mail, service is complete on the date of the mailing*.  If the

service is attempted upon an owner, part owner, or lessee, or

designee, at the address contained in the notice of

commencement required by section 1311.04 of the Revised

Code, and if the notice, affidavit, or other document is returned

unclaimed or refused, service is complete when first

attempted."  (Emphasis added).

**{¶13}** Appellant argues that based upon a plain reading of the statute, because it sent the notice of furnishing by certified mail, service was complete upon mailing and thus it was unnecessary to demonstrate J&H's actual receipt of the notice of furnishing. Appellant primarily relies upon the reasoning set forth in *VP Consolidated Holdings, Inc. v. Hunt, et al.*, 6th. Dist. Erie No. E-08-025, 2009-Ohio-1129, in support of its argument. In *VP Consolidated Holdings*, the court did, in fact, hold that "when a notice of furnishing for either a private or public improvement is sent by certified mail, service is considered complete on the date of mailing." Id. at ¶ 17. *VP*, however, is factually distinguishable from the case sub judice in that the principal contractor did not claim that it never received the notice, but rather the issue seemed to involve the timeliness of the receipt of the notice.

**{¶14}** Appellant argues in the alternative that if it was required to show actual receipt on the part of J&H, genuine issues of material fact exist regarding service of the notice of furnishing. More specifically, Appellant argues that because the notice was not returned as undelivered, refused or unclaimed, it is entitled to an inference that the notice of furnishing was received by J&H. In support of its argument, Appellant cites the "mailbox rule" which is incorporated into R.C. 1311.19(B).

**{¶15}** As set forth above, R.C. 1311.19(B) provides as follows, in pertinent part:

> "For purposes of this chapter, service is complete upon receipt by the party being served * * *, for the purposes of sections 1311.05 and 1311.261 of the Revised Code, if service of a notice of furnishing is made by certified mail, service is complete on the date of the mailing."

Under the "mailbox rule," there is a rebuttable presumption that a letter mailed to the correct address is presumed to be received in due course. *Cantrell v. Celotex Corp.*, 105 Ohio App.3d 90, 94, 663 N.E.2d 708 (1st Dist.1995).

**{¶16}** However, we find a different provision contained in R.C. 1311.19 to be more applicable to the facts presently before us. Specifically, section (C) of R.C. 1311.19, provides as follows:

> "A notice, affidavit, or other document to which this division applies is presumed to have been received three days after the date of the mailing of the notice, affidavit, or other document, *unless* a written acknowledgment, receipt, or *other evidence provides proof to the contrary*." (Emphasis added).

Thus, although section (B) does seem to incorporate the mailbox rule, the mailbox rule creates a rebuttable presumption of actual delivery. As argued by Appellant, similar to the mailbox rule, R.C. 1311.19(C) contains an exception to the automatic presumption of receipt after three days where "other evidence provides proof to the contrary."

{¶17} In this case, Appellees filed an affidavit in support of their motion for summary judgment averring that J&H did not actually receive a notice of furnishing from Appellant. As discussed in more detail below, the affidavit constituted proper evidence in support of Appellees' motion for summary judgment. As a result, we find the exception contained in R.C. 1311.19(C) to be applicable and as such any presumption of receipt due to the fact that the notice was sent via certified mail is rebutted.

{¶18} We are further persuaded that this is the correct result by Appellees' argument that "the provisions of R.C. 1311.19(A)(2) requiring written proof of receipt would be rendered superfluous and meaningless[]" if Appellant's proposition that it is 'not required to prove that J&H actually received its notice of furnishing since it sent service via certified mail' were accepted." As urged by Appellant itself, a court interpreting a statute must look to the language of the statute to determine legislative intent. *State v. Osborne*, 4th Dist. Jackson No. 05 CA2, 2005-Ohio-6610, ¶ 18. Courts

should give effect to the words of the statute and should not modify an unambiguous statute by deleting or inserting words; that is, we have no authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation. *State v. McDonald*, 4th Dist. Ross No. 04CA2806, 2005-Ohio-3503, ¶ 11. The statute clearly contemplates that mailing a document by certified mail will provide written evidence of receipt. Thus, we cannot conclude that requiring Appellant to provide written evidence of receipt is contrary to a plain reading of the statute, when actual receipt is disputed by Appellees.

{¶19} Appellant further contends that J&H never actually demonstrated failure of service in that its only evidence came from Mark Rollins, a project manager employed by J&H towards the end of the construction project. Appellant challenges Rollins' actual knowledge of whether or not the notice of furnishing was received just by looking at the project file and concluding it did not contain a notice of furnishing. Thus, Appellant challenges the trial court's reliance upon the affidavit of Rollins in support of Appellees' motion for summary judgment, claiming it was not based upon personal knowledge.

{¶20} When deciding a motion for summary judgment, a court may only consider affidavits that are based upon personal knowledge of the

affiant. Appellant argues that the information contained within Rollins' affidavit was not within his personal knowledge.  A review of the record calls into question whether Appellant clearly raised this issue at the trial court level.  Although Appellant mentioned this position in the summary judgment filings, Appellant never filed a formal motion to strike the affidavit or made clear its position that the trial court should not consider it. However, even if Appellant failed to adequately object to the affidavit below, we must nevertheless be mindful of the language of Civ.R. 56(E) set forth above which states " * * * summary judgment, if appropriate, shall be entered against the party." (Emphasis added).  Thus, summary judgment should only be granted when appropriate, under Civ.R. 56.  As such, we will review the issue raised by Appellant.

{¶21} "For evidentiary material attached to a summary judgment motion to be considered, the evidence must be admissible at trial." See Civ.R. 56(E) and *Pennisten v. Noel*, 4th. Dist. Pike No. 01CA669, 2002 WL 254021, *2.  Although we conduct a de novo review of the trial court's decision to grant summary judgment, we review the court's rulings on the admissibility of evidence for an abuse of discretion. *Lawson v. Y.D. Song, M.D., Inc.*, 4th. Dist. Scioto No. 97 CA 2480, 1997 WL 596293, *3 (Sept. 23, 1997); See also, *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343, at

paragraph two of the syllabus (1987). The term "abuse of discretion"

implies that the court's attitude is unreasonable, arbitrary, or unconscionable.

*State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). When

applying the abuse-of-discretion standard, a reviewing court may not

substitute its judgment for that of the trial court. *Berk v. Matthews*, 53 Ohio

St.3d 161, 169, 559 N.E.2d 1301 (1990).

{¶22} Civ.R. 56(E) states: "Supporting and opposing affidavits shall

be made on personal knowledge, shall set forth such facts as would be

admissible in evidence, and shall show affirmatively that the affiant is

competent to testify to the matters stated in the affidavit." "Personal

knowledge" is " '[k]nowledge gained through firsthand observation or

experience, as distinguished from a belief based on what someone else has

said.' " *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314,

2002-Ohio-2220, 767 N.E.2d 707, ¶ 26; quoting Black's Law Dictionary (7th

Ed.Rev.1999) 875. It is " 'knowledge of factual truth which does not

depend on outside information or hearsay.' " *Residential Funding Co.,

L.L.C. v. Thorne*, Lucas App. No. L-09-1324, 2010-Ohio-4271, ¶ 64;

quoting *Modon v. Cleveland*, 9th. Dist. Medina No. 2945-M, 1999 WL

1260318, *2 (Dec. 22, 1999) .

{¶23} Rollins' affidavit specifically stated that his averments were based upon his personal knowledge, as a Division Manager and Project Manager for J&H, and his review of documents kept in the ordinary course of business. Rollins further averred as follows:

"Upon a reasonably-diligent investigation of J&H's records and files kept in the court of ordinary business, J&H did not receive a copy of the Notice of Furnishing dated December 9, 2010, attached to Hanson's Complaint as Exhibit E and to Hanson's Motion for Summary Judgment as Exhibit H."

Importantly, there was nothing in Appellant's memorandum opposing summary judgment or Appellant's motion for partial summary judgment, with the exception of the affidavit of Dequila Blackmon which averred that "[u]pon information and belief, the notice of furnishing was received by J&H" that defeated Rollins' averment of personal knowledge of the lack of a notice of furnishing in the project records and files kept in the ordinary course of business by J&H. Despite Blackmon's averment, we agree with Appellees that Blackmon had no personal knowledge of whether J&H actually received the notice of furnishing. Further, in the absence of Appellant being able to produce written evidence of receipt, and light of the

Rollins' affidavit stating the notice was not received, such receipt cannot be inferred.

{¶24} Nonetheless, in some instances, "personal knowledge may be inferred from the contents of an affidavit * * *." *Carter v. U–Haul Internatl.*, 10th. Dist. Franklin No. 09AP-310, 2009-Ohio-5358, ¶ 10; *Flagstar Bank F.S.B. v. Diehl*, 5th. Dist. Ashland No. 09COA034, 2010-Ohio-2860, ¶ 25. Here, Rollins' averment, based upon his position as a project manager with J&H sufficiently permits an inference of personal knowledge on his part that the project files and records kept by J&H did not contain a notice of furnishing by Appellant.  Additionally, as pointed out by Appellees, although there may have been former J&H employees with more extensive knowledge about J&H's normal receipt and filing practices with regard to notices of furnishing which could have either defeated Appellees' motion for summary judgment or better supported Appellant's partial motion for summary judgment, Appellant did not subpoena those individuals for depositions.

{¶25} Coupled with Rollins' deposition testimony that the normal practice at J&H is for the accounting person to put notices of furnishing in the project file when received, we believe that the trial court properly considered Rollins' affidavit as evidence that J&H did not receive the notice

of furnishing. Thus, we conclude that Appellees' affidavit filed in support of its motion for summary judgment complies with Civ.R. 56(E). As such, the trial court did not err or abuse its discretion in relying on the affidavit in reaching its decision to grant summary judgment in favor of Appellees.

{¶26} In light of our determination that R.C. 1311.19 does require proof of receipt of the notice of furnishing on the part of the principal contractor by virtue of the language contained in section (A)(2) which specifies "written evidence of receipt," and because Appellant offered no evidence to overcome the affidavit of Mark Rollins, which was properly considered by the trial court, we find no merit in the issues and arguments raised by Appellant in support of its sole assignment of error. Further, even construing the evidence in a light most favorable to Appellant, we find no genuine issues of material fact exist which should have precluded summary judgment in favor of Appellees.

{¶27} As set forth above, the proper service of a notice of furnishing is a prerequisite to being able to assert a statutory lien claim. Construing the evidence in a light most favorable to Appellant, Appellant was unable to demonstrate proof of receipt by Appellees. Although R.C. 1311.19(B) does state that service is complete upon mailing when a notice is sent via certified mail, R.C. 1311.19(A)(2) contemplates that written evidence of receipt will

be able to be provided.  Appellant could not provide that.  Further, as stated above, R.C. 1311.19(C) provides that a notice is presumed to have been received three days after the date of the mailing "*unless* a written acknowledgment, receipt, *or other evidence provides proof to the contrary*." Here, there was "proof to the contrary" in the form of the Rollins' affidavit, as well the fact that Appellant could provide no proof of receipt. Accordingly, Appellant's sole assignment of error is overruled and the decision of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellees recover of Appellant any costs herein.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, J.:   Concurs in Judgment and Opinion.
Harsha, J.:   Concurs in Judgment Only.


For the Court,


BY:   _____
Matthew W. McFarland, Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**