MELODY J. STEWART, J.:
{¶ 1} Plaintiff-appellant Eleanor Paczko appeals from a decision of the court of common pleas that upheld an Ohio Department of Job and Family Services administrative decision not to include certain transferred resources when it recalculated her restricted Medicaid coverage period ("RCMP"). Finding no error in the trial court's decision, we affirm.
{¶ 2} Although Medicaid is a program based on financial need, persons with substantial personal assets can make themselves eligible for benefits without first spending down their assets. One way of doing so is called the "half-loaf" method. Under this method, a person needing nursing home care gifts all excess personal assets to heirs, applies for Medicaid, and is rejected for Medicaid because the gift occurred during the applicable look-back window (in this case, 60 months). This starts a penalty period in which the person is ineligible for Medicaid benefits. The person's heirs then gift back the amount of money needed to pay for the person's nursing home expenses that are not covered until the penalty period is over. Doing so cuts the penalty period in half and allows the heirs to keep any remaining funds.
{¶ 3} Paczko used a reverse half-loaf method when applying for Medicaid benefits. The undisputed facts show that she applied for Medicaid benefits with the Ohio Department of Job and Family Services (the "agency")[1] on May 4, 2015. In her *1054 application, Paczko disclosed that she transferred $146,122 to an irrevocable trust for her children during the look-back period. Considering this an improper transfer of assets during the look-back period, the agency found Paczko eligible for Medicaid benefits and determined an RMCP of 23.09 months, running from April 2015 through part of March 2017. During the RCMP, Paczko's children returned $89,227.38 directly to Paczko. In May 2016, Paczko requested a recalculation of the RCMP based on the return of money. The agency granted a partial recalculation that changed the RCMP to 18.2 months, but declined to fully recalculate the RCMP because all of Paczko's funds had not been returned.
{¶ 4} Importantly, the agency declined to consider the disposition of any funds returned after September 29, 2015. The agency noted that effective September 29, 2015, R.C. 5163.30(C)(3) had been amended to state:
no waiver of any part of the period of ineligibility shall be granted if the amount the individual or individual's spouse receives is less than the difference between what the individual or individual's spouse received for the assets and the fair market value of the assets.
{¶ 5} Under the agency's interpretation of the amended statute, there was no longer a recalculation period for partial, returned funds-recalculation was allowed only if all of the improperly transferred funds had been returned, in effect, eliminating the half-loaf method.
{¶ 6} Paczko appealed that decision. She acknowledged that R.C. 5163.30(C)(3) had been amended, but claimed that Ohio Adm.Code 5160:1-3-07(K)(3), which implemented amended R.C. 5163.30(C)(3), had not been amended until January 1, 2016. She argued that the administrative rule in place at the time amended R.C. 5163.30(C)(3) went into effect-former Ohio Adm.Code 5160:1-3-07(M)(4) -controlled over the statute. That rule stated that "[w]hen only part of the asset or its equivalent value is returned, a restricted medicaid coverage period can be modified but not eliminated." Paczko argued that the former version of the administrative rule in effect at the time she made her application for a recalculation of the RCMP should have applied.
{¶ 7} A staff hearing officer denied the appeal, and that decision was upheld in a further appeal to the Ohio Department of Job and Family Services. The agency concluded:
While the Ohio Revised Code allows for the administrative agencies to create rules [sic] supplement the statutes and address activities that are numerous, technical and change so often that they cannot be effectively enforced by statute alone, that does not mean that a statute that is passed is not in effect until a subsequent rule is passed. The statute is in effect as of the date provided for in the statute and in this case that date is September 29, 2015.
{¶ 8} Paczko appealed to the court of common pleas. The court found that for a period of time between the amendment to R.C. 5163.30(C)(3) and adoption of Ohio Adm.Code 5160:1-3-07(K)(3), there was a conflict of law between the amended statute and the administrative rule that remained in place until January 1, 2016, when Ohio Adm.Code 5160:1-3-07(K)(3) became effective. Finding that the amended statute controlled over the yet-to-be- *1055 effective administrative rule, the court held that the agency correctly refused to consider the reconveyances that took place after September 29, 2015, when recalculating Paczko's restricted coverage period.
{¶ 9} Paczko's two assignments of error are interrelated. She claims that the court erred by finding a conflict of law between R.C. 5163.30(C)(3) and Ohio Adm.Code 5160:1-3-07(K)(3), and that the court failed to address the issue of whether the agency made the correct decision to apply amended Ohio Adm.Code 5160:1-3-07(K)(3) to a Medicaid application filed and pending before the effective date of the amended regulation.
{¶ 10} Paczko's argument suggests that the administrative regulation has primacy over a statute. This is incorrect. As a general proposition, administrative rules or regulations derive from statutory authority, so they cannot supersede statutes with which they conflict. State ex rel. Kroger Co. v. Stover , 31 Ohio St.3d 229, 235, 510 N.E.2d 356 (1987) ; State v. Osborne , 4th Dist. Jackson No. 05CA2, 2005-Ohio-6610, 2005 WL 3407974, ¶ 17. This is because "administrative rules do not dictate public policy, but rather expound upon public policy already established by the General Assembly in the Revised Code." Chambers v. St. Mary's School , 82 Ohio St.3d 563, 567, 697 N.E.2d 198 (1998). There is no authority "which requires Ohio courts to place an administrative rule on equal footing with a statute when deciding whether a statute potentially conflicts with an administrative rule." Kelly v. Accountancy Bd. , 88 Ohio App.3d 453, 458, 624 N.E.2d 292 (10th Dist.1993). The September 29, 2015 amendment of R.C. 5163.30(C)(3) eliminated the half-loaf method. That the administrative rules did not reflect that change for several months does nothing to diminish the force and effect of the amended statute.
{¶ 11} Paczko also argues that application of either the amended statute or amended rule to her request constitutes an impermissible retroactive application of the law because her Medicaid application had been filed and was pending before either the law or the rule changed.
{¶ 12} The agency applied the amended statute only to Paczko's later request for a recalculation of the RCMP-a request she made after the law had been amended. We thus reject Paczko's argument that her initial Medicaid application, made before the amendment of R.C. 5163.30(C)(3), vested her rights such that the amendment became a retroactive application of the law. The constitutional bar against the passage of retroactive laws, Ohio Constitution, Article II, Section 28, applies to rights vested before a statute comes into force. State ex rel. Shady Acres Nursing Home, Inc. v. Rhodes , 7 Ohio St.3d 7, 10, 455 N.E.2d 489 (1983). Paczko had no vested right to a continuation of the law as it existed at the time she made her initial application for Medicaid benefits. (Citations omitted.) Harding Pointe, Inc. v. Ohio Dept. of Job & Family Servs. , 10th Dist. Franklin, 2013-Ohio-4885, 1 N.E.3d 804, ¶ 40 (rejecting argument by a Medicaid provider that it had acquired a vested right to continue to be paid according to a previous Medicaid reimbursement system). The assigned errors are overruled.
{¶ 13} Judgment affirmed.
TIM McCORMACK, P.J., and PATRICIA ANN BLACKMON, J., CONCUR.

Although Ohio's Medicaid program is administered by the Ohio Department of Medicaid, the Ohio Department of Job and Family Services acts as the Medicaid department's agent for administrative appeals.