[Cite as *State v. Myers*, 2023-Ohio-3413.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

State of Ohio,                          :

    Plaintiff-Appellee,             :      Case No. 22CA15

                        :

    v.                              :

                        :      <u>DECISION AND</u>

Derek J. Myers,                         :      <u>JUDGMENT ENTRY</u>

                        :

    Defendant-Appellant.            :      **RELEASED 9/22/2023**

_____

APPEARANCES:

Emmett E. Robinson, Robinson Law Firm LLC, Wakeman, Ohio, for Appellant.

Lisa Eliason, Athens Law Director, and Jessica Branner Hittle, Assistant Law Director, Athens, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} Appellant, Derek Myers, appeals the judgment of the Athens County Municipal Court convicting him of failure to maintain an assured clear distance ahead, a minor misdemeanor in violation of R.C. 4511.21(A). On appeal, Myers raises one assignment of error contending that the trial court wrongly denied his motion to dismiss for violation of the Speedy Trial Act, or R.C. 2945.71 et seq., and Traf.R. 18. Because we find merit to Myers's sole assignment of error, it is sustained and the judgment of the trial court is reversed. Further, the case is remanded to the trial court for discharge pursuant to R.C. 2945.73.

FACTS

{¶2} Derek Myers was cited for failure to maintain an assured clear distance ahead on July 6, 2022, in connection with a vehicle accident that occurred in Athens County, Ohio.  His citation contained a service of summons ordering him to appear in the Athens County Municipal Court on July 19, 2022.  Myers appeared at the hearing remotely and entered a written not guilty plea on that date.  A journal entry was filed on that same date ordering that a pretrial hearing be scheduled on August 3, 2022, and stating that speedy trial time was tolled for the period of the continuance.

{¶3} Myers appeared in person for the August 3, 2022, pretrial hearing.  The trial court issued a "continuance entry" that same date continuing the case until August 17, 2022, for the scheduling of a second pretrial hearing and for the "prosecution to receive crash report and insurance information."  The entry stated that speedy trial limits "are hereby waived for the length of this continuance."  Myers appeared remotely for the next hearing on August 17, 2022.  The hearing transcript from that hearing indicates that the State refused to amend the charge and Myers maintained his not guilty plea.  The judge cleared a date of August 31, 2022, with the prosecutor for a bench trial and confirmed that the date worked with Myers's "schedule."  Another "continuance entry" was filed that day, again stating that speedy trial limits were waived for the period the continuance.

{¶4} Then, on August 24, 2022, Myers filed a motion to dismiss based upon speedy trial grounds. His motion asserted that he had not waived his right to a speedy trial, that speedy trial time had not been "legally tolled," and that speedy trial time had expired. The trial court orally denied the motion on the morning of the August 31, 2022, bench trial and also issued a journal entry denying the motion that same day. The bench trial proceeded as scheduled and Myers was found guilty as charged. Myers now appeals from the final order that was issued on September 2, 2022, setting forth one assignment of error for our review.

## ASSIGNMENT OF ERROR

I.  THE TRIAL COURT WRONGLY DENIED APPELLANT DEREK J. MYERS'S MOTION TO DISMISS FOR VIOLATION OF THE SPEEDY TRIAL ACT, R.C. 2945.71 et seq., AND TRAFFIC RULE 18.

{¶5} In his sole assignment of error, Myers contends that the trial court wrongly denied his motion to dismiss based upon speedy trial grounds. As set forth above, Myers contends that the denial of his motion to dismiss was in violation of R.C. 2945.71 et seq. and Traf.R. 18. In support of his assignment of error, he argues that 56 days passed from the time he received service of summons and when he was brought to trial. He also argues that the continuances that were granted were in violation of Traf.R. 18 and that they did not effectively toll speedy trial time. He further brings to our attention the fact that he never waived his right to a speedy trial. The State responds by arguing that the trial court correctly denied

Myers's motion to dismiss, claiming that speedy trial time was tolled either upon the trial court's own motion or the agreed motions of the parties.

## Standard of Review

{¶6} Generally, appellate review of a trial court's decision to deny a motion to dismiss based on statutory speedy trial grounds presents a mixed question of law and fact. *State v. Spencer*, 2017-Ohio-456, 84 N.E.3d 106, ¶ 16 (4th Dist.); *State v. Brooks,* 2018-Ohio-2210, 114 N.E.3d 220, ¶ 21 (4th Dist.). An appellate court will accept a trial court's findings of fact if supported by competent, credible evidence, but the appellate court will independently review a trial court's application of the law to the facts. *Spencer* at ¶ 16.

## Speedy Trial Principles

{¶7} A defendant's right to a speedy trial arises from the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution. *See State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, ¶ 14; *Barker v. Wingo*, 407 U.S. 514, 521, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). R.C. 2945.71 incorporates this guarantee, which provides specific statutory time limits within which a person must be brought to trial. *See State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 10. The prosecution and trial courts have a mandatory duty to try an accused within the statute's prescribed time frame. *See State v. Singer*, 50 Ohio St.2d 103, 105, 362

N.E.2d 1216 (1977). *See also State v. Cutcher*, 56 Ohio St.2d 383, 384, 384 N.E.2d 275 (1978).

{¶8} Ohio's speedy trial statutes provide that if a defendant's trial is not held within the time specified in R.C. 2945.71 and 2945.72, a court must discharge the defendant upon motion made at, or before, the start of trial. R.C. 2945.73(B). Additionally, speedy trial statutes must be strictly construed against the state. *See Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996).

{¶9} When a defendant requests discharge on speedy trial grounds and demonstrates that a trial did not occur within the speedy trial time limits, the defendant has made a prima facie case for discharge. *See State v. Camelin*, 4th Dist. Ross No. 18CA3642, 2019-Ohio-1055, ¶ 11; *State v. Smith*, 4th Dist. Lawrence No. 16CA10, 2017-Ohio-7864, ¶ 21; *State v. Cottrell*, 4th Dist. Ross Nos. 11CA3241, 2012-Ohio-4583, ¶ 10; *State v. Kist*, 173 Ohio App.3d 158, 2007-Ohio-4773, 877 N.E.2d 747, ¶ 22 (11th Dist.). The prosecution then bears the burden to show that actions or events chargeable to the accused under R.C. 2945.72 sufficiently extended the time to bring the defendant to trial. *Smith* at ¶ 21, citing *State v. Anderson*, 4th Dist. Scioto No. 15CA3696, 2016-Ohio-7252, ¶ 19.

Legal Analysis

{¶10} Here, Myers's traffic accident occurred on July 6, 2022, and his traffic ticket that was issued that day served as his service of summons. Myers was charged with failure to maintain an assured clear distance ahead, a minor misdemeanor traffic offense in violation of R.C. 4511.21(A). R.C. 2945.71(A) provides that "* * * a person * * * against whom a charge of minor misdemeanor is pending in a court of record [ ] shall be brought to trial within thirty days after the person's arrest or service of summons." Thirty days from Myers's receipt of his service of summons would have been on August 5, 2022. Thus, at the time Myers filed his motion to dismiss based upon speedy trial grounds on August 24, 2022, 49 days had passed. Therefore, Myers made a prima facie showing that the State failed to bring him to trial with the allotted 30 days. *See State v. Howerton*, 2021-Ohio-913, 168 N.E.3d 861, ¶ 13 (4th Dist.). As explained in *Howerton*, at the time a prima facie case for discharge was demonstrated, "[t]he burden then shifted to the state to demonstrate that either a tolling event or other extension of the statutory time limit occurred." *Id., citing State v. Butcher*, 27 Ohio St.3d 28, 500 N.E.2d 1368 (1986) and *State v. Smith*, *supra*, at ¶ 21.

{¶11} R.C. 2945.72 provides, in pertinent part, that the time to bring an accused to trial may be extended by "(H) [t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted

other than upon the accused's own motion[.]"  As stated, the prosecution bears the burden to show that actions or events chargeable to the defendant have tolled sufficient time so that the defendant is tried within the speedy-trial period.  *State v. Howerton, supra,* citing *State v. Camelin, supra*, at ¶ 13, *State v. Staffin*, 4th Dist. Ross No. 07CA2967, 2008-Ohio-338, ¶ 8 and *State v. Whitt*, 4th Dist. Scioto No. 04CA2962, 2005-Ohio-5154, ¶ 16.  Here, although the State contends that speedy trial time was tolled either upon the trial court's own motion or the agreed motions of the parties, we conclude the record before us does not support the State's contention.

July 6, 2022 - July 19, 2022 (13 speedy trial days)

{¶12} Myers was cited and was provided a service of summons on July 6, 2022, ordering that he appear in court on July 19, 2022.  The State concedes that the 13 days between July 6th and July 19th were chargeable to the State for purposes of speedy trial.  Thus, as of July 19, 2022, 13 days had elapsed for purposes of speedy trial.

July 19, 2022 - August 3, 2022 (15 speedy trial days)

{¶13} There is no hearing transcript in the record from the July 19, 2022, hearing; however, the record included a written not guilty plea filed by Myers that day.  There was also a journal entry filed on July 19, 2022, stating that the "cause came on for consideration upon the motion of the defendant" and that "for good

cause shown, it is hereby ordered that: a pretrial be set." The journal entry form stated that a pretrial hearing was scheduled for August 3, 2022, and the form contained a line that stated "Check if Speedy Trial time is tolled pursuant to law." The box was checked. The journal entry was only signed by the assignment commissioner, was not signed by either party, and contained no signature line for the judge.

{¶14} There is simply nothing in the record to indicate that Myers requested a pretrial hearing or that he requested a continuance. As stated, there is no hearing transcript in the record related to this particular hearing and importantly, there is no written motion for a continuance by Myers in the record. In his brief, Myers notes that Traf.R. 18 requires that in traffic cases "[c]ontinuances shall be granted only upon a written motion which states the grounds for the requested continuance." Myers directs our attention to this Court's prior holding "that a trial court may not grant an oral motion for a continuance in a traffic case." *State v. Osborne*, 4th Dist. Jackson No. 05CA2, 2005-Ohio-6610, ¶ 21. Therefore, even if Myers had orally requested a continuance of the matter for purposes of holding a pretrial hearing, because there was no written motion filed, the granting of a continuance violated Traf.R. 18. *Id. See also State v. Jacobucci*, 8th Dist. Cuyahoga No. 82813, 2003-Ohio-6177, ¶ 6; *Oakwood v. Frailey*, 8th Dist. Cuyahoga No. 85973,

2005-Ohio-5856, ¶ 22 (where the appellate court observed its prior holding "that compliance with Traf.R. 18 is mandatory for each party").

{¶15} The State contends on appeal that the July 19, 2022 entry erroneously stated that the matter was being continued until August 3, 2022, for the holding of a pretrial hearing upon the defendant's motion, but that it should have instead stated that the matter was being continued for a pretrial hearing upon the court's own motion. In support of its contention, the State argues that such a continuance would not run afoul of this Court's prior holding in *State v. Osborne* or Traf.R. 18 because "the court's journal entry served as both the written motion and stated the reason for the continuance[,]" and therefore "the journal entry effectively satisfies Traffic Rule 18 – that it be in writing and that a reason be given." Thus, the State essentially urges this Court to find that the July 19, 2022 journal entry was, in reality, a sua sponte continuance issued by the court on its own motion and further, that the entry not only constituted both a written motion and entry that complied with both Traf.R. 18 and our prior reasoning in *Osborne*, but also that it effectively tolled speedy trial time until the August 3, 2022 pretrial hearing. However, the State cites no authority for these propositions and we are not persuaded by these arguments.

{¶16} Further, we conclude that the State's argument that the trial court meant to sua sponte continue the matter for the purposes of setting a pretrial

hearing is merely conjecture, or speculation. Of importance, the journal entry at issue was not even signed by the court. The entry seems to have been a standard fill-in-the-blank form issued by the assignment commissioner. Moreover, we are aware of no authority that grants an assignment commissioner the power to issue orders that purport to toll speedy trial time, especially in the absence of a written motion as required by Traf.R. 18. Thus, we find no merit to the State's argument that the trial court actually intended to order a sua sponte continuance.

{¶17} In *City of Greenfield v. Mallow*, 4th Dist. Highland No. 454, 1982 WL 3585, this Court discussed the problems that result from permitting oral motions. After observing that Traf.R. 18 provided that "[c]ontinuances shall only be granted upon written motion which states the grounds for the requested continuance[,]" we stated as follows:

> It is axiomatic that a court speaks through its journal and oral assertions of counsel at trial, at least when not concurred in by opposing counsel, [are] insufficient to meet the burden placed upon the trial court and the prosecution. To allow such oral assertions to obviate the speedy trial limitations "is to foreclose effective appellate review and, of necessity, to undercut a meaningful judicial implementation of R.C. 2945.71 through 2945.73." *State v Wentworth* (1978), 54 Ohio St. 2d 171, 175.

*Id.* at *2-3.

{¶18} In light of the foregoing, we cannot agree with the State that the journal entry filed on July 19, 2022 tolled speedy trial time until the next pretrial

hearing that was held on August. 3, 2022. Accordingly, as of August 3, 2022, 28 days had elapsed for purposes of speedy trial.

August 3, 2022 – August 17, 2022 (14 speedy trial days)

{¶19} When the parties reconvened at the second pretrial hearing on August 3, 2022, a short hearing transcript was generated. The transcript is only 12 lines in length and consists of the trial court informing Myers that it had "an entry to continue this for two weeks to August 17th" and explaining that "[t]he prosecution still needs to receive the crash report and insurance information." Further, the court stated "[s]o I'm going to go ahead and approve this continuance and set it out for two weeks so they can finalize that information." A "Continuance Entry" signed by the judge was filed on August 3, 2022, continuing the case until August 17, 2022, "[u]pon motion of the Parties" in order for the "prosecution to receive crash report and insurance information." The continuance entry also stated that "[s]peedy trial limits, as provided in R.C. 2945.71 et seq., are hereby *waived* for the length of this continuance." (Emphasis added). The State argues that Myers appeared at the hearing and spoke with the prosecutor off the record and that the parties agreed to continue the matter until August 17, 2022.

{¶20} First, the hearing transcript does not contain an oral motion by either party for a continuance and no written motion for a continuance was filed by either party. The concerns expressed by our prior decision in *State ex rel. Greenfield v.*

*Mallow* apply to this very scenario and even more so here where there is not even

an oral motion evident in open court upon the record.  An off-the-record agreement

allegedly reached between the parties regarding a continuance in a traffic case fails

to comply with Traf.R. 18, which is a mandatory rule.  Second, although the entry

cites the State's need to obtain crash report and insurance information, no

discovery requests were filed by either party and therefore speedy trial time was

not tolled under any other section of R.C. 2945.72 for purposes of making and

complying with discovery.  Third, and of utmost importance, contrary to the

statement in the entry that speedy trial time had been waived, there is no indication

in the record that Myers waived his right to a speedy trial either orally on the

record or in writing at any point during the proceedings below.

{¶21} We previously explained as follows in *Howerton*, *supra*, regarding the

waiver of a defendant's speedy trial rights:

> Generally, a criminal defendant may waive his or her speedy trial
> rights. *See, e.g., State v. King*, 70 Ohio St.3d 158, 637 N.E.2d
> 903 (1994), syllabus; *State v. O'Brien*, 34 Ohio St.3d 7, 9, 516
> N.E.2d 218 (1987), citing *Barker v. Wingo*, 407 U.S. 514, 529,
> 92 S.Ct. 2182, 33 L.Ed.2d 101.  However, "[t]o be effective, an
> accused's waiver of his or her constitutional and statutory rights
> to a speedy trial must be expressed in writing or made in open
> court on the record."  *King*, syllabus.

*Howerton* at ¶ 19.

{¶22} As in *Howerton*, we find no explicit waiver of Myers's speedy trial

rights nor any request by Myers thus far that would have tolled speedy trial time.

{¶23} Moreover, a review of the record gives the impression that the State and trial court at times used the terms toll and waiver, with respect to speedy trial, interchangeably; however, the Supreme Court of Ohio has stated that a "speedy trial waiver" and "the tolling provisions in R.C. 2945.72" are "separate and distinct concepts that affect speedy trial calculations in different ways." *State v. Blackburn*, *supra,* at ¶ 16. The Court explained in *Blackburn* as follows:

> A waiver is an intentional relinquishment of a known right. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 18; *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 31. "As with other fundamental rights, a defendant can waive the right to a speedy trial." *State v. Adams*, 43 Ohio St.3d at 69, 538 N.E.2d 1025. "To be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record." *State v. King*, 70 Ohio St.3d 158, 637 N.E.2d 903, syllabus. On the other hand, R.C. 2945.72 provides circumstances that extend or toll the time within which an accused must be brought to trial but do not involve an intentional relinquishment of the fundamental right. R.C. 2945.72(H) extends the speedy-trial time for "[t]he period of any continuance granted on the accused's own motion."

*Blackburn* at ¶ 17.

{¶24} Contrary to the express representation in the August 3, 2022 continuance entry stating that the speedy trial limits were waived for the length of the continuance from August 3, 2022, to August 17, 2022, the record contains no waiver of speedy trial by Myers, either orally on the record in open court, or in writing. Thus, Myers had not waived his right to a speedy trial at the time the case

was continued to August 17, 2002, at which time 42 days had elapsed for purposes of speedy trial, and which clearly exceeded the 30 day limit for bringing him to trial under R.C. 2945.71(A).

August 17, 2022 – August 31, 2022 (14 speedy trial days)

{¶25} Myers appeared in person at the August 17, 2022, hearing, at which time the trial court set the matter for a bench trial on August 31, 2022.  The trial court selected a date for trial in coordination with the State based upon the officer's work schedule and asked Myers if the date worked with his schedule.  Myers appears to have answered in the affirmative, although a portion of the hearing transcript is denoted as "inaudible."  The "Continuance Entry" filed after the hearing stated that "[u]pon motion of the State/Defense, this case set for August 17, 2022 is hereby continued because additional time is required for preparation and negotiation and/or: _____."  Neither "State" or "Defense" is circled on the form and the space after "and/or" was left blank.  The form once again stated that "[s]peedy trial limits * * * are hereby waived for the length of this continuance[,]" despite there being no affirmative waiver of Myers's right to speedy trial.

{¶26} Although speedy trial limits had already expired at the time the August 17, 2022, hearing was convened, we will briefly address the State's arguments that Myers either acquiesced in the trial date or failed to object to the

trial date being set beyond speedy trial limits. First, and importantly, at the time the August 17, 2022 hearing was held, 42 speedy trial days had already elapsed, which was well beyond the 30-day limit. Second, the State argues in its brief that Myers' argument that he did not agree to a continuance from August 17, 2022, to August 31, 2022, "might be a little more believable if [he] had demanded a bench trial on August 17 when the prosecutor stated she wouldn't amend the charge. But [Myers] neither demanded a bench trial nor objected to the continuance." However, aside from the fact that speedy trial time had already expired as of August 17, 2022, in *State v. Ramey* the Supreme Court of Ohio held that where the defense "merely acquiesces in a trial date but does not affirmatively lodge a motion for continuance, the continuance is entered 'other than upon the accused's own motion' and, under the second clause of R.C. 2945.72(H), must be reasonable." *State v. Ramey, supra*, at ¶ 30, quoting R.C. 2945.72(H).

{¶27} In *Ramey*, the Court questioned whether the continuance at issue that was issued by the trial court was unreasonable, in part, because the trial court "acted on the mistaken belief that the time for trial was automatically extended by * * * Ramey's counsel's acquiescence in the trial date[]" and "[i]n doing so * * * it failed to recognize that the extension was properly granted only under the second clause of R.C. 2945.72(H)." *Id.* at ¶ 32. The entry at issue in the present case fails to state whether it was the State or Defense who requested a continuance and

contains nothing to suggest the continuance was being granted sua sponte. Moreover, as with all of the prior continuances in this matter, there was no written motion filed.

{¶28} Third, this Court has previously acknowledged that "[t]he law is clear that criminal defendants have no duty to object to trial dates set outside the limits of the speedy trial statute." *State v. Davis*, 4th Dist. Ross No. 01CA2610, 2002-Ohio-2554, ¶ 33, citing *State v. Tope*, 53 Ohio St.2d 250, 251, 374 N.E.2d 152 (1978) and *State v. Singer*, 50 Ohio St.2d 103, 362 N.E.2d 1216, syllabus (1977). Thus, the State's arguments are not well taken.

August 24, 2022, Motion to Dismiss Based Upon Speedy
Trial Grounds (49 total speedy trial days)

{¶29} In the intervening time between the August 17, 2022 pretrial hearing and the scheduled August 31, 2022 bench trial, Myers filed a motion to dismiss based upon speedy trial grounds on August 24, 2022. The motion was denied by the trial court on the morning of the scheduled bench trial on August 31, 2022. However, because our foregoing reasoning leads to the conclusion that 49 speedy trial days had elapsed between the service of summons on July 6, 2022, and the date the motion to dismiss was filed on August 24, 2022, the motion to dismiss should have been granted and the trial court erred by denying it. Accordingly, based upon the above reasoning, Myers's sole assignment of error is sustained, the

judgment of the trial court reversed, and the case is remanded for discharge

pursuant to R.C. 2945.73.[1]

**JUDGMENT REVERSED.**

---

[1] R.C. 2945.73 provides is (B)(1) that "Upon motion made at or prior to the commencement of trial, a person charged with a misdemeanor shall be discharged if the person is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code. Such a discharge is a bar to any further criminal proceedings against the person based on the same conduct."

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE REVERSED and costs be assessed to Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J., & Wilkin, J.: Concur in Judgment and Opinion.

For the Court,


_____
Jason P. Smith
Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**