[Cite as *State v. Camelin*, 2019-Ohio-1055.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO, :

    Plaintiff-Appellee, : Case No. 18CA3642

    vs. :

SCOTT CAMELIN, : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant. :

_____

APPEARANCES:

James T. Boulger, Chillicothe, Ohio, for appellant.

Jeffrey C. Marks, Ross County Prosecuting Attorney, and Pamela C. Wells, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:3-22-19
ABELE, P.J.

{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. After the trial court denied a motion to dismiss the indictment based on speedy trial grounds, Scott Camelin, defendant below and appellant herein, pled no contest to three counts of sexual battery.

{¶ 2} Appellant assigns one error for review:

> "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE
> DEFENDANT IN OVERRULING THE DEFENDANT'S MOTION
> TO DISMISS THE INDICTMENT IN CASE NO. 17CR207, THE
> STATE HAVING FAILED TO AFFORD THE DEFENDANT A
> TRIAL WITHIN THE TIME LIMITS SPECIFIED IN R.C.
> 2945.71(C)(2) and (E)."

{¶ 3} On May 19, 2017, a Ross County Grand Jury returned an indictment that charged appellant (Case No. 17CR207) with 19 counts of offenses that involved his daughter (A.C.), including 10 counts of rape in violation of R.C. 2907.02 and 9 counts of sexual battery in violation of R.C. 2907.03.   On May 20, 2017, law enforcement arrested appellant.   Appellant filed a demand for bill of particulars on May 25, 2017 and requested the prosecution provide information about the specific time and location of each alleged occurrence.   On July 21, 2017, the grand jury returned an additional indictment (Case No. 17CR305) that included a count of sexual battery.   On November 3, 2017, appellant (1) filed a motion in limine regarding the rape shield law and its implications, and (2) argued that the bill of particulars is not sufficiently specific and requested the court compel the prosecution to provide more details.   On November 27, 2017, the prosecution filed its memoranda contra to appellant's motion in limine and appellant's motion to compel a supplemental bill of particulars.   On November 27, 2017, appellant filed a notice of alibi.

{¶ 4} On the morning of trial on December 4, 2017, the prosecution filed (1) a supplemental bill of particulars, and (2) a motion in limine that requested the trial court to prohibit appellant from introducing evidence at trial that pertained to the victim's alleged prior acts and conduct, and to prohibit certain witness testimony regarding those prior acts.   At that point, when confronted with the more detailed bill of particulars, appellant, understandably, felt compelled to request a continuance of the jury trial.   The court granted appellant's request and continued the matter to April 16, 2018.

{¶ 5} On April 6, 2018, appellant filed an amended notice of alibi and a motion to dismiss the indictment.   In particular, appellant alleged that the state had failed to afford him a speedy trial

within the R.C. 2945.71(C)(2) and (E) time limits.  On April 12, 2018, appellant filed a second motion to dismiss the other indictment, also based on speedy trial grounds.

{¶ 6} On April 16, 2018, the trial court held a hearing to consider the evidence and arguments pertaining to the motions to dismiss and the speedy trial issue.  At the hearing, Child Protection Center employee Julie Oates testified that during her interview the victim disclosed very few details about the specific dates and times of the alleged incidents.  Chillicothe Police Detective Twila Goble also testified that she first spoke with the victim at her high school, and subsequently at the Child Protection Center, on several occasions at the victim's home, twice at Children's Services and three or four times at the prosecutor's office.  Goble testified that, sometimes the victim was vague in her recollection of specific dates and times, but did relate that her abuse occurred "on an almost daily basis" during the three months the family resided at the Quality Inn.  Goble further testified that, on the Saturday before the December 4, 2017 scheduled trial date, she spoke with the victim for "hours and hours and hours * * * [b]ecause [A.C.] was remembering specifics and had started talking to us about it."  When asked whether they conveyed to defense counsel the new information the victim had provided on that Saturday, Goble said yes. When asked how many times she met with the victim to attempt to obtain information about the specific dates, Goble replied "at least seven."  Finally, the victim testified about her interviews and the information that she provided to the authorities.

{¶ 7} On April 17, 2018, the trial court overruled appellant's motions to dismiss.  That same day, appellant pled no contest to three counts of sexual battery (Counts 11, 13, and 19 in Case No. 17CR207) in violation of R.C. 2907.03, all third-degree felonies.  The state then dismissed Case No. 17CR305 and Counts 1-10, 12, and 14-18 in Case No. 17CR207.  At the

sentencing hearing, the trial court sentenced appellant to serve three years in prison on Count 11, three years on Count 13, and four years on Count 19, with the sentences to be served consecutively for a ten year total prison sentence.   This appeal followed.

{¶ 8} In his sole assignment of error, appellant asserts that the trial court erred by overruling his motion to dismiss the indictment.   In particular, appellant contends that, pursuant to R.C. 2945.71(C)(2) and (E), the state violated his statutory right to a speedy trial.

{¶ 9} Ohio's speedy trial statutes provide that if a defendant's trial is not held within the time specified in R.C. 2945.71 and 2945.72, a court must discharge the defendant upon motion made at, or prior to, the start of trial.   R.C. 2945.73(B).   Moreover, speedy trial statutes must be strictly construed against the state.   *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996).   Generally, appellate review of a trial court's decision to deny a motion to dismiss based on statutory speedy trial grounds presents a mixed question of law and fact.   *State v. Nichols*, 4th Dist. Adams No. 12CA955, 2013-Ohio-308, ¶ 14; *State v. Horsley*, 2018-Ohio-1591, 110 N.E.3d 624, ¶ 14 (4th Dist.).   An appellate court will accept a trial court's findings of fact if supported by competent, credible evidence, but the appellate court will independently review the trial court's application of the law to the facts.   *Id.*

{¶ 10} A defendant's constitutional right to a speedy trial arises from the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution.   *Barker v. Wingo*, 407 U.S. 514, 521, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).   A defendant's statutory right to a speedy trial arises from R.C. 2945.71, which provides, in relevant part, "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest."   R.C. 2945.71(C)(2); *State v. Blackburn,* 118

Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319; *State v. Ramey,* 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937.

{¶ 11} When a defendant requests discharge on speedy trial grounds and demonstrates that a trial did not occur within the speedy trial time limits, the defendant has made a prima facie case for discharge. *State v. Smith*, 4th Dist. Lawrence No. 16CA10, 2017-Ohio-7864; *State v. Cottrell*, 4th Dist. Ross Nos. 11CA3241 & 11CA3242, 2012-Ohio-4583, ¶ 10. The prosecution then bears the burden to show that actions or events chargeable to the accused under R.C. 2945.72 sufficiently extended the time it had to bring the defendant to trial. *Smith* at ¶21, citing *State v. Anderson,* 4th Dist. Scioto No. 15CA3696, 2016-Ohio-7252.

{¶ 12} In the case sub judice, when appellant requested a continuance on the morning of the December 4, 2017 trial date, it appears that 126 speedy trial days had elapsed. In the case sub judice, the parties appear to agree that the central issue is whether for purposes of speedy trial time computation, the time period from December 4, 2017 to April 16, 2018 should be counted against the appellant, or should be counted against the prosecution.[1] Appellant recognizes that this time

---

[1] In the case sub judice, we recognize that many speedy trial tolling events occurred during the trial court proceeding. For example, on June 15, 2017 appellant filed a motion to continue the pretrial hearing from June 26, 2017. The trial court continued the hearing to July 18, 2017. On June 19, 2017, appellant filed a motion for bond modification, which the court overruled on July 3, 2017. On August 4, 2017, appellant filed a motion to compel a bill of particulars (in Case No. 17CR207). The state responded on August 7, 2017. On August 15, 2017, the state filed a motion to join all of the indictments and cases for trial. On August 23, 2017, appellant filed another motion to continue, and the court continued the matter from September 7, 2017 to December 4, 2017. On September 6, 2017, the court ordered that the two cases be consolidated. On October 26, 2017, the state filed a motion to compel discovery and the court ordered appellant to submit the requested discovery by November 10, 2017. Appellant, it appears, responded to the state's motion to compel discovery on November 9, 2017, November 13, 2017 and November 17, 2017.

Thus, in light of the tolling events that occurred during the course of the trial court proceedings, when we compute the number of days to be counted against the state we begin with the day after appellant's arrest (May 20, 2017). R.C. 1.14; Crim.R. 45(A). On May 25, 2017, appellant filed a request for a bill of particulars, a tolling event. *State v. Davis,* 4th Dist. Scioto No. 12CA3506, 2013-Ohio-5311.

period elapsed due to his request for a continuance, but asserts that the time should, in fact, be charged to the prosecution due to the prosecution's dilatory response to appellant's request for a detailed and specific bill of particulars. Appellant contends that tardy supplemental bill of particulars, produced on the morning of trial, required appellant to request additional time to review the new material and prepare for trial. Thus, appellant reasons, he did not receive a speedy trial and his convictions should be reversed and vacated.

{¶ 13} Pursuant to R.C. 2945.72, the time within which an accused must be brought to trial may be extended by "(D) [a]ny period of delay occasioned by the neglect or improper act of the accused; (E) [a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused," and "(H) [t]he period of any continuance granted on the accused's own motion." *Ramey* at ¶24. The prosecution bears the burden to show that actions or events chargeable to the defendant have tolled sufficient time so that the defendant is tried within the speedy-trial period. *State v. Staffin*, 4th Dist. Ross No. 07CA2967, 2008-Ohio-338, ¶ 8, citing *State v. Whitt*, 4th Dist. Scioto No. 04CA2962, 2005-Ohio-5154, ¶ 16.

{¶ 14} In general, child sex abuse cases present many difficult and unusual challenges, including hearing specific and detailed information about the offenses. "An indictment charging sexual offenses against children 'need not state with specificity the dates of alleged abuse, *so long*

---

Under the R.C. 2945.71(E) triple count provision, 15 days had elapsed. Then, appellant's request for a bill of particulars tolled the speedy trial clock until June 15, 2017, when appellant filed a motion to continue the pretrial conference, which again tolled time until the rescheduling of the pretrial on July 18, 2017. The speedy trial clock then ran from July 18, 2017 to August 23, 2017, when appellant filed a motion to continue the jury trial (37 days x 3 = 111 days). Appellant's motion to continue tolled time until December 4, 2017, the rescheduled trial date. On November 3, 2017, appellant filed a motion in limine and a motion to compel a more specific bill of particulars. On December 4, 2017, appellant filed a motion to continue jury trial and the court continued the trial to April 16, 2018, again tolling the time until appellant's April 6, 2018 motion to dismiss.

*as the prosecution establishes that the offense was committed within the time frame alleged.*'" *State v. Neal,* 2016-Ohio-64, 57 N.E.3d 272, ¶ 24 (4th Dist.), citing *State v. Czech*, 8th Dist. Cuyahoga No. 100900, 2015-Ohio-1536, ¶ 14. Although the exact time and date of an offense is ordinarily not required in an indictment, the prosecution must nevertheless establish that the charged offense occurred within a reasonable time in relation to the dates fixed in the indictment. *Neal* at ¶ 24; State *v. Green*, 4th Dist. Ross No. 04CA2760, 2004-Ohio-5089, ¶ 16. This "allowance for reasonableness and inexactitude must be made for such cases because many child victims are unable to remember exact dates and times, particularly where the crimes involve a repeated course of conduct over an extended period of time and the accused and the victim are related or reside in the same household, which facilitates the extended period of abuse." *Neal* at ¶ 27. Therefore, during a criminal prosecution and in response to a request for a bill of particulars, the prosecution must supply specific dates and times with regard to an alleged offense when it possesses such information. *State v. Cartee*, 4th Dist. Vinton No. 468, 1992 WL 368845, * 7 (Dec. 8, 1992), citing *State v. Lawrinson*, 49 Ohio St.3d 238, 551 N.E.2d 1261; *State v. Sellards*, 17 Ohio St.3d 169, 478 N.E.2d 781, syllabus (1985). Additionally, for the appellant to prevail in the case sub judice, he must demonstrate that the prosecution actually possessed specific information and intentionally withheld that information when it responded to the appellant's request for a bill of particulars. See, generally, *Cartee*, citing *Sellards, supra; State v. Doles,* 4th Dist. Ross No. 1660, 1991 WL 179582 (Sept. 18, 1991).

{¶ 15} At the conclusion of the hearing, the trial court acknowledged the "extreme difficulty in obtaining specific dates and time evidence for the inclusion in a Bill of Particulars when you are dealing with a child rape case." The court recognized that also in this particular case

that involved a notice of alibi, the specific times and locations of the offenses are indeed relevant and very important. The court then examined the evidence to determine whether the prosecution wilfully deprived the appellant of specific information that the state eventually possessed, or whether the prosecution could have possessed that information at an earlier time. In its discussion of this issue, the court pointed out that because the Child Protection Center's function is not to interrogate the victim, but instead to interview for the purposes of medical diagnosis, the questioner's intent is not usually to attempt to determine specific dates of offenses. The court also noted that the detective stated that she visited the victim multiple times at the Child Protection Center, at Children's Services, at the victim's grandmother's house and at the Prosecutor's Office, and "each time [the victim] was interviewed, they got a little more information. It is unfortunate that most of the information concerning time came out very soon before the trial on December 2nd, but that doesn't mean the state did not try. It doesn't mean the state acted in * * * bad faith or was unreasonable." The court went on to conclude that the state did not "hide the ball," but rather had shared with the defense what it knew, when it knew. Consequently, the trial court overruled the appellant's motion to dismiss.

{¶ 16} The purpose of a bill of particulars is "to elucidate or particularize the conduct of the accused." *Sellards, supra,* at 171; *Lawrinson, supra,* at 239. Here, appellant requested a bill of particulars to specifically set forth the dates and times of the various offenses set forth in the indictment. After our review of the record, we agree with the trial court's conclusion that the prosecution's December 4, 2017 supplemental bill of particulars sufficiently complied with *Sellards* and *Lawrinson*. As the trial court indicated, after it heard and reviewed the evidence, the evidence does not support the view that the state acted in bad faith or in an unreasonable or dilatory

manner. While it is unfortunate that the prosecution provided the more detailed and specific supplemental bill of particulars on the morning of trial, we agree with the trial court's view that, under the unique circumstances present in the case sub judice, the prosecution simply could not have provided the additional information until the child victim had actually provided that information. As the court indicated, it is not unusual for a child witnesses to have difficulty in recalling information. Here, it does indeed appear that the child victim had such difficulty in recalling specific details. Moreover, the court found no evidence that the prosecution withheld any information that it actually possessed, or could have possessed at an earlier time. While we certainly understand appellant's argument and great difficulty that the supplemental bill of particulars created for trial preparation, we, like the trial court, do not believe that the evidence shows that the prosecution intentionally withheld information from the accused that it had obtained, or could have obtained, at an earlier time.

{¶ 17} Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that the appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.   The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.   If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.   Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Presiding Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.