[Cite as *State v. Agostinelli*, 2021-Ohio-2458.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO. 6-20-17

    v.

ANGELO A. AGOSTINELLI,             O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hardin County Municipal Court
Trial Court No. CRB 20000083 A

Judgment Reversed and Conviction Vacated

Date of Decision: July 19, 2021

APPEARANCES:

    *Amy M. Lambdin* for Appellant

    *Jason M. Miller* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Angelo A. Agostinelli ("Agostinelli"), appeals the September 14, 2020, December 1, 2020, and December 14, 2020 judgment entries of the Hardin County Municipal Court overruling Agostinelli's motions to dismiss on speedy-trial and jurisdictional grounds. For the reasons that follow, we reverse the judgment of the trial court and vacate Agostinelli's conviction.

{¶2} This case stems from a two-vehicle crash in Hardin County that resulted in a fatality on December 17, 2018. (*See* Doc. Nos. 61, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102).

{¶3} On February 12, 2019, Agostinelli was charged in the trial court with Left of Center in violation of R.C. 4511.25, a minor misdemeanor, and Vehicular Homicide in violation of R.C. 2903.06(A)(3), a first-degree misdemeanor in case number TRD1900284. (Doc. No. 19). However, at the State's request on September 5, 2019, the trial court dismissed the charges against Agostinelli, *without prejudice*. (Doc. Nos. 20, 21).

{¶4} Thereafter on March 20, 2020, Agostinelli was charged with "Aggravated-vehicular homicide – vehicular homicide – vehicular manslaughter" in violation of "(4)" in the trial court in case number CRB200083.[1] (Doc. No. 1).

---

[1] No other portion of the Ohio Revised Code section or degree of the offense was specified. (Doc. No. 1).

On March 24, 2020, Agostinelli entered his written plea of not guilty.[2] (Doc. No. 2). However, on March 26, 2020, the trial court (upon motion by the State) amended the complaint to vehicular manslaughter in violation of R.C. 2903.06(A)(4), *a first-degree misdemeanor*.[3] (Emphasis added.) (Doc. No. 6).

{¶5} On May 14, 2020, pursuant to the trial court's judgment entry, time was tolled on the instant case as a result of the Covid-19 pandemic until June 26, 2020. (Doc. No. 8).

{¶6} Nevertheless, on June 16, 2020, Agostinelli filed a motion to dismiss the charges on speedy-trial grounds. (Doc. No. 14).

{¶7} A hearing on Agostinelli's speedy-trial request occurred on July 14, 2020, and the trial court permitted the parties additional time to submit memoranda as to the issues raised at the hearing. (*See* July 14, 2020 Tr. at 17); (Doc. Nos. 46, 49, 52). Following the motion hearing, the trial court issued a judgment entry ordering that Agostinelli's first case file (TRD1900284) to be evidence in the pending case, taking judicial notice of the same. (Doc. No. 43). (*See also* Doc. No. 133). Ultimately, the trial court denied Agostinelli's speedy-trial motion to dismiss on September 14, 2020. (Doc. No. 56).

---

[2] At the time Agostinelli submitted his written not-guilty plea, he raised no issues related to defects in the complaint and summons, and the written not-guilty plea contained no express waiver of his Crim.R. 5(A) and Crim.R. 10(A) rights.

[3] Vehicular manslaughter is generally a second-degree misdemeanor; however, under certain circumstances if particular facts are present, the offense is elevated to a first-degree misdemeanor. *See* R.C. 2903.06(A)(4), (D). No facts were alleged in the original complaint or the amended complaint, which would elevate the instant offense from a second-degree misdemeanor to a first-degree misdemeanor.

{¶8} On October 27, 2020, Agostinelli filed another motion to dismiss arguing that the trial court lacked subject-matter jurisdiction over his new case because the complaint and summons failed to comport with the mandates set forth in Crim.R. 3. (Doc. No. 103). After conducting a hearing on Agostinelli's motion, the trial court denied the motion from the bench. (Oct. 29, 2020 Tr. at 22); (Doc. No. 129). On November 6, 2020, Agostinelli filed a motion asking that the trial court reconsider its bench ruling as to his second motion to dismiss. (Doc. No. 112). Subsequently, the trial court issued a judgment entry denying Agostinelli's second motion to dismiss on subject-matter-jurisdictional grounds. (Doc. No. 129). On October 29, 2020, Agostinelli withdrew his not-guilty plea and entered a no-contest plea to the offense of Vehicular Manslaughter.[4] (Oct. 29, 2020 at 18); (Doc. No. 109). The trial court found him guilty of Vehicular Manslaughter and vacated the scheduled trial. (*Id.* at 23); (Doc. Nos. 109, 111).

{¶9} On November 23, 2020, the trial court sentenced Agostinelli to a 90-day jail sentence, which was suspended on the condition that he complete 200 hours of community service. (Doc. No. 132).

{¶10} On December 23, 2020, Agostinelli filed his notice of appeal, and he raises two assignments of error for our review, which we will address together. (Doc. No. 135).

---

[4] The degree of the offense was never referenced at the change-of-plea hearing or in the trial court's judgment entry. (Oct. 29, 2020 Tr. at 18-26); (Doc. No. 109).

### Assignment of Error I

**The Trial Court Erred By Failing To Dismiss The Charges Against The Defendant Based On Speedy Trial Grounds.**

### Assignment of Error II

**The Trial Court Erred By Failing To Dismiss The Charges Against The Defendant Based On The Lack Of Subject Matter Jurisdiction.**

{¶11} In his first assignment of error, Agostinelli argues that the trial court erred by denying his speedy-trial motion to dismiss on the basis that his original trial date exceeded the permissible speedy-trial-time frames as set forth under R.C. 2945.71. Specifically, Agostinelli asserts that the trial court erred by not tacking the speedy-trial time from his previously filed complaint (in case number TRD1900284) to the speedy-trial time on the new complaint (in case number CRB200083).

{¶12} In his second assignment of error, Agostinelli asserts that the trial court erred by denying his motion to dismiss the complaint. In particular, Agostinelli argues that since the complaint did not comply with the mandates of Crim.R. 3, the trial court lacked subject-matter jurisdiction to hear his case at its inception.

*Standard of Review*

{¶13} An appellate court reviews a trial court's denial of a motion to dismiss a complaint under a de novo standard of review. *State v. Vertrees*, 3d Dist. Hancock

No. 5-20-31, 2021-Ohio-1239, ¶ 7, citing *State v. Robertson*, 3d Dist. Henry No. 7-14-16, 2015-Ohio-1758, ¶ 17 and *State v. Fields*, 2d Dist. Greene No. 2016-CA-5, 2017-Ohio-400, ¶ 19. "'De novo review is independent, without deference to the lower court's decision.'" *Id.* quoting *State v. Hudson*, 3d Dist. Marion No. 9-12-38, 2013-Ohio-647, ¶ 27.

*Speedy-Trial Grounds Analysis*

{¶14} A defendant's right to a speedy trial arises from the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution. *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, ¶ 14; *Barker v. Wingo*, 407 U.S. 514, 521, 92 S.Ct. 2182, 2184 (1972). R.C. 2945.71 incorporates this guarantee in our statutory scheme and provides specific statutory-time limits within which a person must be brought to trial. *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, ¶ 10. The prosecution and trial courts have a mandatory duty to try an accused within the statute's prescribed time frame. *State v. Singer*, 50 Ohio St.2d 103, 105 (1977); *see also State v. Cutcher*, 56 Ohio St.2d 383, 384 (1978).

{¶15} Ohio's speedy trial statutes provide that, if a defendant's trial is not held within the time specified in R.C. 2945.71 and 2945.72, a court must discharge the defendant upon motion made *at*, or *before*, the start of trial. R.C. 2945.73(B).

Additionally, speedy-trial statutes must be strictly construed against the State. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57 (1996).

{¶16} "When a defendant *requests* discharge on speedy trial grounds and demonstrates that a trial did not occur within the speedy trial time limits, the defendant has made a prima facie case for discharge." (Emphasis added.) *State v. Camelin*, 4th Dist. Ross No. 18CA3642, 2019-Ohio-1055, ¶ 11; *State v. Smith*, 4th Dist. Lawrence No. 16CA10, 2017-Ohio-7864, ¶ 21. The State then bears the burden to show that actions or events chargeable to the accused under R.C. 2945.72 sufficiently extended the time to bring the defendant to trial. *Smith* at ¶ 21, citing *State v. Anderson*, 4th Dist. Scioto No. 15CA3696, 2016-Ohio-7252, ¶ 19.

{¶17} In the instant case, Agostinelli was served on February 12, 2019 with a complaint and summons as to his original charges for a Left-of-Center violation of R.C. 4511.25, a minor misdemeanor, and Vehicular Homicide in violation of R.C. 2903.06(A)(3), a first-degree misdemeanor. (Doc. No. 19). Because the most serious charge against Agostinelli in this case was a first-degree misdemeanor, the State was required to bring Agostinelli to trial within 90 days, or by May 12, 2019. (*Id.*). *See* 2945.71(B)(2). Nevertheless, Agostinelli's case was set for a trial on June 21, 2019. (Doc. No. 27). However, that trial did not occur and pursuant to the State's request on September 5, 2019, the trial court dismissed the charges against Agostinelli, without prejudice. (Doc. Nos. 20, 21). Notably, the State's motion to

dismiss did not request leave to file an entry to dismiss (or nolle prosequi). (Doc. No. 21). One hour later, the trial court granted the State's motion to dismiss TRD1900284 by judgment entry. (Doc. No. 20). We can find no evidence in the record to support any compliance with the "open court" requirement under Crim.R. 48 and R.C. 2941.33. Moreover, the trial court's entry contains no carbon copied recipients nor is there any notation in the record or the trial court's docket suggesting that Agostinelli's trial counsel was notified of the dismissal. Notwithstanding the foregoing, Agostinelli did not lose his right to raise a speedy-trial challenge to a subsequently issued complaint. *See State v. Hammond*, 5th Dist. Knox No. 15CA02, 2015-Ohio-4156, ¶ 18.

{¶18} Thereafter, on March 20, 2020, Agostinelli was served with a new complaint and summons in his second case (CRB200083), the original of which was filed stamped in the trial court on March 23, 2020. (Doc. Nos. 1, 107). The complaint in CRB200083 stated in its pertinent parts:

> Aggravated vehicular homicide – vehicular homicide – *vehicular manslaughter; (4)* As the proximate result of committing a violation of any provision of any section contained in Title XLV of the Revised Code that is a minor misdemeanor or of a municipal ordinance that, regardless of the penalty set by ordinance for the violation, is substantially equivalent to any provision of any section contained in Title XLV of the Revised Code that is a minor misdemeanor. On 12/17/2018, the defendant did violate Ohio Revised Code 4511.25, left of center, that resulted in a fatality crash in the area of 16492 CR 209 Mount Victory, Ohio 43340.

(Emphasis added.) (Doc. No. 1). Agostinelli submitted a written plea of not guilty on March 24, 2020 to the new charges. (Doc. No. 2). On March 26, 2020, the trial court amended the complaint (on the State's motion) as follows:

> ORC TO REFLECT THE CORRECT CODE OF *2903.06(A)(4), VEHICULAR MANSLAUGHTER, A MISDEMEANOR OF THE FIRST DEGREE.* MOTION GRANTED.[5]

(Emphasis added.) (Doc. No. 6). The judgment entry amending the complaint was served upon Agostinelli's trial counsel by facsimile on March 27, 2020. (Doc. No. 7).

{¶19} Importantly, the record supports that no waiver of his right to a speedy trial was filed by Agostinelli *at any time* in *either* case. Moreover, the State concedes that more than 90 days passed in Agostinelli's first case. (July 14, 2020 Tr. at 4).

{¶20} The Supreme Court of Ohio has determined that where "'new and additional charges arise from the same set of facts as those found in the original charge, and the [S]tate knew of such facts at the time of the initial indictment [or complaint] the time [frame] within which trial is to begin on the additional charge is subject to the *same statutory limitations period as that applied to the original charge.*'" (Emphasis added.) *State v. Adams*, 43 Ohio St.3d 67, 68-69 (1989),

---

[5] The record is unclear as to the content of the State's motion since the record does not contain a written motion and no transcript, statement of evidence, or agreed statement was submitted by Agostinelli to this court as it relates to an oral motion. *See* App.R. 9(B), (C), (D).

quoting *State v. Clay*, 9 Ohio App.3d 216, 218 (11th Dist.1983) and citing *State Bonarrigo*, 62 Ohio St.2d 7, 11 (1980); *see also State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, ¶ 18.

**{¶21}** Here, under the facts presented, the law is clear that any speedy-trial time period that elapsed under the original complaint is tacked on to the speedy-trial time period commencing with the second complaint. *See State v. Broughton*, 62 Ohio St.3d 253, 261 citing *Bonarrigo* at 11. And since Agostinelli's new Vehicular-Manslaughter charge arises from the same set of facts as his first Vehicular-Homicide case, a prima-facie case for discharge (for speedy-trial purposes) in the trial court has been established. Thus, we must determine whether or not the State can meet its burden that the time to bring Agostinelli to trial should be extended. *Camelin*, 2019-Ohio-1055, at ¶ 11; *Smith*, 2017-Ohio-7864, at ¶ 21. *See State v. Hammond*, 5th Dist. Knox No. 15CA02, 2015-Ohio-4156, ¶ 18.

**{¶22}** The record supports that the State *conceded* at Agostinelli's speedy-trial-motion hearing in the second case on July 14, 2020 that the time for which Agostinelli should have been brought to trial as set forth in R.C. 2945.71 (90 days) had *expired* in his first case prior to the scheduled trial date and prior to the State's dismissal of the charges in September 2019. (July 14, 2020 Tr. at 4). More importantly, the State *stipulated* that any tolling of the speedy-trial time because of the discovery-related issues in Agostinelli's first case *did not* extend the 90-day time

period to bring him to trial in that case. (*Id.* at 10). In other words, Agostinelli's speedy-trial rights had already expired before his new charges were ever filed.

{¶23} As such, under the facts before us, the State has not demonstrated that there were actions or events chargeable to Agostinelli (under R.C. 2945.72) sufficient to extend the time to bring him to trial beyond the limits set forth in R.C. 2945.71. *Smith* at ¶ 21, citing *Anderson*, 2016-Ohio-7252, ¶ 19. Moreover, the trial court failed to tack the speedy-trial time from Agostinelli's first case onto his second case. Thus, the trial court should have granted Agostinelli's speedy-trial motion to dismiss.

{¶24} Accordingly, based upon the facts before us, Agostinelli's speedy-trial rights were violated and his first assignment of error is sustained.

*Subject-matter jurisdiction analysis*

{¶25} In light of our determination of Agostinelli's first assignment of error, his second assignment of error is moot, and hence we decline to address it. *See* App.R. 12(A)(1)(c).

{¶26} Having found error prejudicial to the appellant herein in the particulars assigned and argued in his first assignment of error, we reverse the judgment of the trial court as to Appellant's motion to dismiss on speedy-trial grounds, and thus, Appellant's conviction is vacated. This matter is remanded for further proceedings

according to law and consistent with this court's opinion with the specific instruction to discharge Appellant pursuant to R.C. 2945.73(B).

***Judgment Reversed and***
***Conviction Vacated.***

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/jlr**