[Cite as *State v. Walker*, 2025-Ohio-1143.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

BRANDON WALKER,

    DEFENDANT-APPELLANT.

CASE NO. 2-24-05

**O P I N I O N**

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2024-CR-07

Judgment Affirmed

Date of Decision:  March 31, 2025

APPEARANCES:

    *Rob C. Wiesenmayer, II* for Appellant

    *Joshua A. Muhlenkamp* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Brandon Walker ("Walker"), appeals the June 25, 2024 judgment entry of sentence of the Auglaize County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On March 25, 2023, Walker was found in a rest area off of U.S. Route 33 in Auglaize, County, after abandoning his vehicle in a ditch nearby. Law enforcement conducted field sobriety tests and determined Walker to be impaired. Walker was arrested and refused to submit to a breath test. After Walker's vehicle was pulled out of the ditch, law enforcement conducted an inventory search of the car. A loaded handgun was found in the back pocket of the front passenger seat, within reach of the driver's seat.

{¶3} On March 29, 2023, Walker appeared for arraignment in the Auglaize County Municipal Court on the charge of operating a vehicle under the influence of alcohol or drugs ("OVI"), a first-degree misdemeanor. Walker entered a plea of not guilty and was released on his own recognizance that same day.

{¶4} On September 8, 2023, at the State's request, the misdemeanor complaint was dismissed without prejudice.

{¶5} On September 28, 2023, the Auglaize County Grand Jury indicted Walker on Count One of improperly handling a firearm in a motor vehicle in violation of R.C. 2923.16(D)(1), a fifth-degree felony, and Count Two of OVI in

violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor. An arrest warrant was issued that same day.

{¶6} On January 17, 2024, Walker turned himself in to the Auglaize County Sheriff and was arrested then served with the indictment that same day.

{¶7} On January 18, 2024, Walker appeared before the Auglaize County Court of Common Pleas for arraignment. Walker entered pleas of not guilty and was released on his own recognizance.

{¶8} On March 8, 2024, Walker filed a motion to dismiss alleging a violation of his right to a speedy trial under R.C. 2945.71. Specifically, Walker argued that he should have brought to trial within 270 days after his arrest on March 25, 2023—on or before December 20, 2023. The State opposed Walker's motion, and a hearing was held on March 21, 2024. Thereafter, on March 25, 2024, the trial court denied Walker's motion to dismiss on the basis that the 270-day statutory period had not yet expired.

{¶9} On April 9, 2024, Walker entered a plea of no contest, under a negotiated plea agreement, to Count One of the indictment. In exchange for his plea, the State requested leave to enter a nolle prosequi as to Count Two of the indictment, which the trial court granted. The trial court conducted a Crim.R. 11 colloquy, accepted Walker's plea of no contest, and found him guilty of Count One of the indictment. The trial court then ordered a presentence investigation ("PSI"), and set the matter for sentencing on June 24, 2024.

{¶10} On June 24, 2024, the trial court sentenced Walker to five years of community control sanctions with 180 days local incarceration.[1]

{¶11} On June 28, 2024, Walker filed a notice of appeal and a motion to stay the sentence pending appeal. That same day, the trial court ordered a stay of execution on the condition that Walker post a cash bond. The cash bond was posted on July 24, 2024, and Walker was released.

{¶12} Walker raises a single assignment of error for our review.

**Assignment of Error**

**The Trial Court Failed To Bring The Defendant-Appellant To Trial In The Time Required By Law In Violation Of His Constitutional Right To A Speedy Trial Under O.R.C. 2945.71.**

{¶13} In his sole assignment of error, Walker argues that the trial court erred by denying his motion to dismiss the indictment for a violation of his right to a speedy trial. Specifically, Walker argues that the time period between dismissal of the misdemeanor complaint and service of the indictment—September 8, 2023 through to January 17, 2024—should be counted against the State under R.C. 2945.71. According to Walker's calculation, "the required date to be brought to trial would be December 20, 2023." (Appellant's Brief at 6).

---

[1] The trial court filed its judgment entry of sentence on June 25, 2024.

*Standard of Review*

{¶14} "Appellate review of a trial court's decision on a motion to dismiss for a speedy-trial violation involves a mixed question of law and fact." *State v. Westerfield*, 2018-Ohio-2139, ¶ 17 (3d Dist.). "'Accordingly, a reviewing court must give due deference to the trial court's findings of fact if they are supported by competent, credible evidence but will independently review whether the trial court correctly applied the law to the facts of the case.'" *State v. Gartrell*, 2014-Ohio-5203, ¶ 104 (3d Dist.), quoting *State v. Hansen*, 2013-Ohio-1735, ¶ 20 (3d Dist.).

{¶15} The proper standard of review in speedy-trial cases is to simply count the number of days expired as directed by R.C. 2945.71 and 2945.72. *State v. Heft*, 2009-Ohio-5908, ¶ 39 (3d Dist.).

*Analysis*

{¶16} "Ohio's speedy trial statute was implemented to incorporate the constitutional protection of the right to a speedy trial provided for in the Sixth Amendment to the United States Constitution and in Section 10, Article I of the Ohio Constitution." *State v. Parker*, 2007-Ohio-1534, ¶ 13. Generally, R.C. 2945.71 requires that a person facing felony charges must be tried within 270 days of the person's arrest. R.C. 2945.71(C)(2). The time period is shorter for misdemeanors, but when a person faces both misdemeanor and felony charges, the longer period applies. R.C. 2945.71(B) and (D). Additionally, for computation

purposes, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E).

**{¶17}** In this case, the applicable speedy-trial statute required Walker to be brought to trial within 270 days of his arrest on March 25, 2023, unless tolled for reasons permitted under the statute. To determine the exact number of days to be charged against the State, we must separate and examine the relevant periods to ensure they were properly characterized as either tolling the speedy-trial statute or allowing it to run.

**{¶18}** The first period we will examine is the time between Walker's arrest on March 25, 2023, and the dismissal of the misdemeanor complaint on September 8, 2023. This period equals 168 days. In its entry denying Walker's motion to dismiss, the trial court determined that Walker was in custody for five days from March 25 through March 29, 2023, and was entitled to 15 days for speedy-trial purposes. The State disputes the trial court's finding and contends that "Walker was not in custody at any point while the case pended in the Auglaize County Municipal Court." (Appellee's Brief at 4). The record is not clear regarding this matter. In light of the ambiguity, we will construe the record in favor of Walker. *See State v. Shafer*, 2015-Ohio-2469, ¶ 12 (3d Dist.). Thus, between March 25 and September 8, 2023, a total of 178 days ran against the State.[2]

---

[2] We note that the inclusion of additional days for Walker purportedly being held in custody does not alter the conclusion we reach herein.

**{¶19}** The second period we must examine is the time between dismissal of the misdemeanor complaint on September 8, 2023, and filing of the indictment on September 28, 2023. Walker argues that this time is attributable to the State since "[h]e was always aware of the untried charges" and "still under the cloud of those accusations." (Appellant's Brief at 7). Walker further argues that he was under an administrative license suspension that made him "subject to public obloquy." (*Id.*). We disagree.

**{¶20}** In *State v. Broughton*, the Supreme Court of Ohio held that "[f]or purposes of computing how much time has run against the state under R.C. 2945.71 et seq., the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised upon the same facts as alleged in the original indictment, shall not be counted *unless the defendant is held in jail or released on bail*" pending the filing of a new indictment. (Emphasis added.) *Broughton*, 62 Ohio St.3d 253 (1991), at paragraph one of the syllabus.

**{¶21}** Here, Walker was neither held in jail nor released on bail pending the filing of the indictment. Moreover, "solely because a defendant may have suffered anxiety or apprehension during the period between dismissal of the first indictment and reindictment does not mean the time period must be counted and attributed to the State for speedy trial purposes." *Heft*, 2009-Ohio-5908, at ¶ 44 (3d Dist.), citing *Broughton* at 258. Accordingly, the time between dismissal of the misdemeanor complaint and filing of the indictment tolled the speedy-trial statute.

{¶22} The third period we must construe is the time between filing of the indictment on September 28, 2023, and when Walker turned himself in to the Auglaize County Sheriff on January 17, 2024, resulting in his arrest and subsequent service of the indictment. Walker argues that this time is attributable to the State since he was "subject to an active arrest warrant" that was "an obvious restraint of his liberties." (Appellant's Brief at 7). The State counters that the speedy-trial statute was tolled during this time because "Walker fled the State of Ohio knowing he had untried charges." (Appellee's Brief at 6). The State argues that the speedy-trial statute started to run again when Walker turned himself in and was served the indictment on January 17, 2024.

{¶23} In this case, the trial court found that Walker "made himself unavailable to the State by leaving the State of Ohio and moving to Indiana; and upon returning to Ohio, his whereabouts remained unknown to the State, and he continued to be a fugitive from justice." (Doc. No. 49). The trial court determined that it "will not reward a defendant who leaves the State or hides his location from the State knowing that charges are impending under these circumstances." (*Id.*). Thus, the trial court ruled that Walker's conduct tolled the speedy-trial statute under R.C. 2945.72.

{¶24} We agree with the trial court's sound reasoning and conclude that Walker's conduct tolled the speedy-trial statute. In pertinent part, R.C. 2945.72(D) reads:

> The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
>
> . . .
>
> (D) Any period of delay occasioned by the neglect or improper act of the accused[.]

R.C. 2945.72(D). Walker's conduct by leaving the State of Ohio and/or hiding his location from the State, while knowing of an impending felony charge and a related OVI charge, constitutes a delay occasioned by neglect or improper act as contemplated by R.C. 2945.72(D). Accordingly, the time between filing of the indictment on September 28, 2023, and when Walker turned himself in on January 17, 2024 tolled the speedy-trial statute.

{¶25} The fourth period we need to examine is the time between Walker's arrest on January 17, 2024, and his release from custody on January 22, 2024. Walker spent six days in custody and was entitled to 18 days for speedy-trial purposes. "The law is clear that any speedy-trial time that elapsed under the original complaint is tacked on to the speedy-trial time period commencing with the second complaint." *State v. Agostinelli*, 2021-Ohio-2458, ¶ 21 (3d Dist.). Thus, when adding these 18 days to the prior 178 days, a total of 196 days ran against the State as of January 22, 2024.

{¶26} The final period we must examine is the time between January 23, 2024, being the day after Walker was released from custody, and filing of Walker's motion to dismiss on March 8, 2024. This period equals 48 days. When adding 48

days to the aforementioned 196 days, a total of 244 days ran against the State as of the date Walker filed his motion to dismiss. Since the 270-day statutory period had not yet expired, the trial court properly denied Walker's motion to dismiss.

{¶27} Moreover, Walker entered a plea of no contest to Count One of the indictment 16 days after the trial court denied his motion to dismiss. As of the change-of-plea hearing on April 9, 2024, a total of 260 days ran against the State. Therefore, we conclude that Walker's right to trial within the statutory time period was not violated.

{¶28} Accordingly, Walker's sole assignment of error is overruled.

{¶29} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

**/hls**